Cornwall *v.* Haight.

———— •–O–• ————

KINGS GENERAL TERM, May, 1850. *McCoun, Barculo, and Brown,* Justices.

## CORNWALL & KING *vs.* HAIGHT.

Where the declaration was upon a contract by the defendant to sell to the plaintiffs a quantity of grain, to be delivered at a specified place during the month of February, 1847, or within a reasonable time, to be paid for on delivery, and the proof was that at the time of making the contract the defendant demanded security from the purchasers, whereupon they agreed that one L. would become the security, and that the security should be given on the morning of the day

---

Cornwall v. Haight.

---

appointed for the delivery of the first load of grain, *Held* this was a material variance; and that the declaration could not be amended after verdict, so as to correspond with the proof.  ·

To entitle the purchasers to recover, for a breach of such a contract, they must show a readiness at the time and place appointed, to give the security contemplated by the contract; or show that performance was waived or prevented, or rendered impossible, by some act of the defendant.

When concurrent acts are to be done by the parties to an agreement, he who sues must aver, and prove, a readiness to perform on his part.

Where, upon an agreement for the sale of property, no time of payment is specified, the legal inference is that it is to be upon the delivery of the property, and the vendor is not bound to part with his property without receiving the price. And if, in lieu of payment on delivery, security on the part of the purchaser is stipulated for, the vendor is not obliged to deliver the property until the security is given.

THIS was an action of assumpsit, tried at the Columbia circuit, in October, 1847, before Justice PARKER. The jury rendered a verdict for the plaintiffs; and the defendant, upon a bill of exceptions, moved for a new trial. The material· facts are stated in the opinion of the court.

*H. N. Wright*, for the plaintiffs.

*John Thompson*, for the defendant.          //

*By the Court*, BROWN, J. The declaration in this cause is upon a contract to sell to the plaintiffs a quantity of grain; and contains three counts. By the first count the grain was to be delivered at the Canaan depot of the Western railroad, some time during the month of February, 1847, to be paid for at the delivery of each load. The second count was like the first, except that the delivery was to be within a reasonable time; and the third count like the second, except that the time of payment was to be upon the delivery of the grain. The proof upon the trial was, that the defendant demanded security because he did not know the purchasers, and Cornwall, who made the contract, thereupon agreed that one William A. Lord would become the security. Hannah D. Prentiss, a witness for the plaintiffs, testified that at the time the contract was made Cornwall said he

Cornwall *v.* Haight.

would be at the depot and receive the grain, and give the security. Lewis A. Haight, a witness for the defendant, was also present at the making of the contract, and testified that after the parties had agreed upon the price of the grain, Cornwall agreed to give William A. Lord as security; that the contract was made on the 26th day of January, 1847, and the defendant was to commence delivering the grain on the following Thursday morning, at which time Cornwall agreed to be at the depot, receive the grain, and give the security.

Here, then, was a clear and manifest variance between the contract set out in the declaration and that established by the proof. And the question occurs whether the declaration could be amended after verdict, so as to correspond with the evidence. The security spoken of by the parties was security that the plaintiffs would purchase and pay for the grain at the contract price, and it was to be given on the morning of the day appointed for the delivery of the first load in execution of the contract. It was a material and essential part of the contract. The plaintiffs were bound to set it out in their declaration as such, and to aver and prove, either that they gave, or were ready to give, the security at the time appointed for that purpose. Whether the plaintiffs gave, or were ready at the appointed time to give this security, might have been, and indeed was, one of the principal questions in controversy in the cause. And if the plaintiffs may omit the allegations and averments in regard to it in their declaration, they may also dispense with proof of performance, or a readiness to perform, when they come to the trial. The omission is not aided by the provisions of section 99, p. 406 of the 2d vol. revised statutes, (3d ed. *p.* 504,) because it is the omission to set out a fact which might have been the principal question in the cause, and thus deprive the defendant of the opportunity to make due preparation for a full defence upon the merits. The cases to which we have been referred as authority for this amendment, are those where the variance did not affect the substantial rights of the parties, and where the averment omitted did not consist of some act, the performance of which was essential to the plaintiff's right of action; and which might be controverted upon

Cornwall *v.* Haight.

the trial. *Boorman & Johnston* v. *Jenkins,* (12 *Wend.* 566,) was an action for fraud in the sale of 89 bales of cotton, and the variance was between a sale for cash and a sale upon a credit for ninety days. The real question was the fraud; and whether the sale was for cash, or on time, was wholly immaterial to the issue; and so the court held that the declaration was amendable after verdict. *Potter* v. *Hopkins,* (25 *Wend.* 417,) was for the breach of a contract for the sale of 1000 bushels of wheat, and by the proof it appeared that the quantity sold was six or seven hundred bushels. The proof was still the same upon the only question in dispute, whether the quantity was six hundred or one thousand bushels, and the party could not have been misled or unprepared, and so the variance was held to be immaterial. In *Coonley* v. *Anderson,* (1 *Hill,* 519,) the declaration set out a contract to sell "a crop of barley supposed to be about 900 bushels," and the contract produced in evidence was to sell "a crop of barley about 900 bushels," and the variance was very properly held to be of no consequence. The case of *The East Boston Timber Company* v. *Persons and others,* (2 *Hill,* 126,) was replevin. The defendants avowed for taking for rent under a demise for one year, the rent payable at the end of the year. On the trial the defendants made out a perfect defence, except that the rent was payable half yearly. The plaintiffs insisted that the variance was fatal. But the court held otherwise; for the matters in controversy were fairly presented and fully tried, and the issue and the evidence must have been the same whether the rent was payable yearly or half yearly. Neither of these cases bears any resemblance to that under consideration. Here the plaintiffs were bound to aver and prove the giving, or their readiness to give, the security contemplated by the contract, or to furnish some sufficient excuse for the omission. And the defendant had a right to be heard and give evidence upon the same point. To pronounce the variance immaterial, and say the omission might be supplied after verdict, would be to call upon the defendant to try a question not put in issue by the pleadings, and of which he could have no notice; or to deprive him of a just defence to

the plaintiffs' action.   I am therefore of opinion that a nonsuit should have been granted on the trial.

But assuming, for the present, that the declaration and the proof were not at variance, the question still occurs whether, upon the evidence, the judge did not err in his charge to the jury.   He charged that it was sufficient to entitle the plaintiffs to recover if the security was offered or tendered within a reasonable time after the delivery of the grain was commenced. And that it was not incumbent upon the plaintiff to bring William A. Lord to the depot, or to furnish his name *there* as security.   But the plaintiff might reasonably require the defendant to go to Lord's house for the purpose.   And the defendant's refusal to do so, would, if proved, be a violation of the contract on his part.

The contract was not in dispute.   Its terms are clear, explicit and unequivocal. ·  It provided for the delivery of the grain at a given price and at a given place, and that the delivery should commence at a given time.   It also provided what the security should be.   The security was to be the undertaking of William A. Lord that the plaintiffs would perform the contract on their part, that is, purchase the grain and pay for it at the stipulated price.   The time and place for giving this undertaking was the depot at Canaan four corners, on Thursday the 28th of January, in the morning, and at which time and place the defendant was to commence delivering the grain.   No time of payment was specified, but the legal inference is that it was to be upon the delivery of the property purchased.   It could not, without manifest loss and inconvenience to the defendant, be all delivered at one and the same time.   Such was not the fair import of the bargain, and therefore the defendant demanded (and there was great propriety that he should demand) security for his protection.   To commence the delivery of the grain, and give the security for its purchase and payment, were concurrent acts, to be done simultaneously.   Where concurrent acts are to be done by the parties, he who sues must aver a readiness to perform on his part. (*Morton* v. *Lamb,* 7 *Term Rep.* 125.   *Chitty on Cont.* 5*th Am. ed.* 738.   *Topping* v. *Root,* 5 *Cowen,* 404.

---
Cornwall *v.* Haight.
---

*Porter* v. *Rose*, 12 *John.* 209.) In all these cases the courts say the plaintiff must not only aver a readiness and willingness to pay, but the averment must be supported by proof at the trial. In demanding security the defendant's object was to protect himself against ultimate loss. And in this respect the security was substituted in the place of immediate payment on the delivery of any separate parcel or load. The authorities are abundant to show that in sales of property, where no time of payment is designated, the vendor is not bound to part with his property without receiving the stipulated price. (13 *Wend.* 285. 7 *T. R.* 125. 1 *East's R.* 203.) Neither was the defendant in this case bound to part with his property without receiving the stipulated security. If the plaintiffs could take a reasonable time, after the delivery was commenced, to furnish the security, then the object for which the security was required might be defeated. The time was settled by the terms of the contract, and could not be changed without the concurrence of both parties. The proof shows that the defendant was at the depot, with several loads of grain, at the time appointed, both in the forenoon and in the afternoon. He inquired for the plaintiff Cornwall, and he was not to be found. There is no evidence that the plaintiffs, or any person for them, were there on that day, ready to give the security. The defendant also, on the same day, called upon William A. Lord and requested him to become the security, which he refused to do. On the 5th of February the plaintiff Cornwall offered to procure Lord's undertaking as security, and asked the defendant to go with him to Lord's house, a distance of several rods from the depot, for that purpose, and the defendant refused to go. The objection to this offer is that it was made some seven or eight days after the time appointed to give the security, and that Lord's house was not the place where it was to be given. The time and place were material elements of the contract; and it was not in the power of the plaintiffs to change the one or the other without the consent of the defendant. The law is well settled that to entitle the plaintiffs to recover for a breach of this contract, they must show a readiness at the depot at Canaan four corners, at the time ap-

pointed, to give the security provided in the contract; or show that performance was waived or prevented, or rendered impossible by some act of the defendant.

I am of opinion that the judge erred in his charge to the jury, and that there should be a new trial, with costs to abide the event.

It is not necessary to examine the other questions presented by the bill of exceptions.

New trial granted.

