# JAMES H. CLARK *v.* PHŒNIX INSURANCE COMPANY.

SUFFICIENCY OF COMPLAINT—INSURANCE.—A complaint that alleges an unconditional contract on the part of the defendant for a consideration specified to insure the hotel and furniture of the plaintiff against loss by fire for a stated period of time, and a loss by fire within the life of the contract, which the defendant has failed to pay, notwithstanding the request of the plaintiff, states a cause of action, and will be held good on demurrer.

IDEM—EVIDENCE—AMENDMENT OF PLEADING.—Where the plaintiff offered in evidence, in support of the cause of action stated in such complaint, a policy of insurance, which by its terms limited the responsibility of the defendant to losses other than those by theft, at or after a fire, loss or damage by fire caused by means of or during an invasion, insurrection, riot, civil commotion, or military or usurped power : *Held*, first, that an objection thereto on the ground of variance between pleading and proofs, was well taken; but, second, that the Court did not err in allowing the plaintiff during the trial to so amend his complaint as to obviate such objection.

DOCUMENTARY EVIDENCE TO BE GIVEN TO JURY—WHAT CONSTITUTES, IN INSURANCE CASES.—The sworn statement of the insured party to a contract of insurance, as to the nature and extent of his losses suffered by fire, and the certificate thereto of the Justice of the Peace, made according to the requirements of such contracts, constitute *documentary evidence*, within the meaning of the one hundred and seventy-sixth section of the Practice Act; and on the trial of an action by the insured to recover for a breach of the contract by the insurer, were properly allowed to be taken by the jury on their retirement to deliberate upon their verdict.

IDEM—FRAUD AND FALSE SWEARING IN MAKING THE SAME.—Upon the question of fraud and false swearing by the insured, so as to deprive him, in case of a loss, of any benefit under the contract, any discrepancy found to exist between his sworn statement of his losses, and the actual loss, as proved at the trial of an action against the insurer for a breach of an insurance contract, which can reasonably be accounted for on the score of opinion, is entitled to no weight; on the contrary, such discrepancy will be considered as evidence of fraud or false swearing on the part of the insured only when it is such as to show a material and intentional over-valuation by him.

APPEAL from the District Court, Fifth Judicial District, Tuolumne County.

This was an action on a policy of insurance. The charging part of the plaintiff's complaint was as follows:

\*       \*       \*       \*       \*       \*       \*

"That on the said 18th day of August, A. D. 1865, for and in consideration of the sum of seventy-five dollars paid to the said defendant by the said plaintiff, the said defendant made, executed, and delivered to the said plaintiff a policy of insurance, No. 6,009, duly signed by H. Kellogg, President, and William B. Clark, Secretary of said insurance company—wherein the said insurance company, defendant, certified in substance that the said James H. Clark had become, and by these presents was insured in and by said company, upon the property described as aforesaid, in the sum of twelve hundred and fifty dollars, for the term of one year, commencing at noon on the 18th day of August, A. D. 1865, and ending at noon on the 18th day of August, A. D. 1866. The said insurance company did therefor promise to settle and pay to the said plaintiff all loss and damage, not exceeding the aggregate sum of twelve hundred and fifty dollars, which shall or may happen to the aforesaid property by reason or by means of fire during the time said policy shall remain in force.

"And the plaintiff further says, that since the said policy of insurance was executed and delivered to the said plaintiff, James H. Clark, the said hotel building, together with the furniture and fixtures therein, so insured as aforesaid, was entirely destroyed by a fire which occurred on the night of June 29th, A. D. 1866, and within the time specified within said insurance policy, which was a loss to the said plaintiff of twelve hundred and fifty dollars and over. And the said plaintiff further avers that due notice of said fire and proof of loss thereby was given to said insurance company in the manner required by them, and according to the conditions

22

of said policy; that more than sixty days have expired since the giving of said notice and proof—yet the said defendant hath hitherto wholly neglected and refused to pay the said claim of twelve hundred and fifty dollars, although demanded so to do. Wherefore, the said plaintiff demands judgment," etc.

The defendant demurred to the complaint on the grounds: first, that it did not state facts sufficient to constitute a cause of action; and, second, that it was ambiguous and unintelligible, for divers reasons stated.

The demurrer was overruled, and the defendant excepted.

The answer of the defendant was a general traverse of all the material averments of the complaint, except the fact of the destruction of the plaintiff's property by fire—which was, however, averred to have been willfully and fraudulently caused by the plaintiff or his agents. The answer further averred that plaintiff had been guilty of fraud and false swearing in making preliminary proof of the nature and extent of his losses by said fire.

On the trial of the cause, which was before the Court, without a jury, the plaintiff, to maintain the issue on his part, offered in evidence a policy of insurance executed by the defendant, the material portions of which were as follows:

"By this policy of insurance the Phœnix Insurance Company, in consideration of seventy-five dollars to them in hand paid by the assured hereinafter named, the receipt whereof is hereby acknowledged, do insure James H. Clark against loss or damage by fire, to the amount of twelve hundred and fifty dollars, as follows: * * * And said company hereby agree to make good unto the said assured, his executors, administrators, and assigns, all such immediate loss or damages not exceeding in amount the sum insured as shall happen by fire to the property above specified from the eighteenth day of August, one thousand eight hundred and sixty-five, at noon, to the eighteenth day of August, one

thousand eight hundred and sixty-six, at noon; the amount of loss or damages to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after due notice and proof of the same made by the assured and received at this office, in accordance with the terms of this policy hereinafter mentioned.

"SEC. 2.  This company shall not be liable for loss by theft at or after a fire; nor for any loss or damage by fire caused by means of or during an invasion, insurrection, riot, civil commotion, or military or usurped power.

"SEC. 8.  In case of loss, the assured  *   *   *   shall forthwith give notice of said loss to the company, and as soon after as possible render a particular account of such loss, signed and sworn to by them, stating the actual cash value of the property,  *   *   *   when and how the fire originated, and shall also produce a certificate under the hand and seal of a Magistrate, Notary Public, or Commissioner of Deeds, (nearest to the place of the fire, not concerned in the loss as creditor or otherwise, nor related to the assured,) stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has without fraud sustained loss on the property insured to the amount which said Magistrate, Notary Public, or Commissioner of Deeds shall certify.  *   *   *   And until such proofs, declarations, and certificates are produced, and examinations and appraisals permitted, the loss shall not be payable.  All fraud or attempt at fraud or false swearing on the part of the assured shall cause a forfeiture of all claim under this policy."

The defendant objected to its introduction in evidence, on the ground that there was a substantial variance between it and the policy alleged in the complaint.  The Court overruled the objection and admitted the policy in evidence, and the defendant excepted.

The plaintiff then asked leave of the Court to amend his complaint.  The defendant objected thereto, on the grounds

that the complaint had already been adjudged by the Court sufficient on demurrer, and that no reason had been given for any amendment. The Court overruled the objection, and permitted plaintiff to amend his complaint, as follows, to wit: "And the said plaintiff amends his complaint by leave of the Court had on the trial, and avers that the said fire was not caused by means of any of the exceptions specified in the conditions of said policy against which the said defendants declare in said policy that they do not insure." And the defendant duly excepted.

The Court allowed the jury to take into the jury room the preliminary proofs of loss given in evidence by the plaintiff as the articles burned and their value, and charged the jury respecting them as follows, to wit:

"In determining the value of the personal property destroyed, the Court allows you to take to your room the list of articles furnished by plaintiff to the insurance company, as being destroyed by fire. Now, in determining the damages which the plaintiff is entitled to recover under his insurance policy for the destruction of this property, * * * you will inquire whether such articles of property were destroyed by fire, and what was their actual cash value, irrespective of the value affixed to them in said list, in the condition in which they were at the time they were destroyed."

The defendant excepted to such allowance.

The defendant requested the Court to charge the jury as follows: "That all fraud or false swearing on the part of the insured in regard to the fire or loss sustained is a forfeiture of any claim under the policy of insurance, and in such case the jury will find a verdict for defendant." The Court refused to give said instruction as asked, but gave it with the following added thereto, to wit: "And by fraud, or attempt at fraud, or false swearing on the part of plaintiff in this case, the Court would have you understand a willful,

intentional, and deliberate false and fraudulent representation as to the articles destroyed or their real value, in order to recover under his policy for property that was not actually destroyed, or in order to recover a much larger amount as the value of the property destroyed than he fairly and justly believes it to be worth." To which refusal to charge and said modification, the defendant then and there excepted.

The jury rendered a verdict for the plaintiff for the sum of one thousand one hundred dollars, and judgment for the plaintiff passed accordingly. The defendant appealed from the judgment and from an order denying its motion for a new trial.

*H. P. Barber,* for Appellant.

The demurrer should have been sustained. The averments of the complaint are either statements of mere conclusions of law, or of facts so defectively stated as to be justly obnoxious to the objections taken by the demurrer. (*Levinson* v. *Schwartz*, 22 Cal. 229; *Branham* v. *San José,* 24 Cal. 602; *Schrœder* v. *Jahns*, 27 Cal. 278; *Miles* v. *McDermott*, 31 Cal. 271; *Caulfield* v. *Saunders*, 17 Cal. 569; *Ghirardelli* v. *Bourland*, 32 Cal. 586; Angell on Ins., pp. 431, 438; 2 Greenl. Ev., Sec. 404, note 3; *Noonan* v. *Hartford Insurance Company*, 21 Miss., 6 Bennett, 81; *Wilson* v. *Hampden Fire Insurance Company*, 4 R. I. 159; 1 Van Santvoort's Pl. 215; 1 Chitty's Pleadings, 321, 323; 6 T. R. 710; *Freeman* v. *Fulton Insurance Company*, 14 Abb. Pr. 398; *Inman* v. *Western Insurance Company*, 12 Wend. 452.)

The Court erred in admitting plaintiff's policy of insurance in evidence. The plaintiff, having chosen to declare on his policy as an absolute contract, the consequence was that when the policy was offered in evidence it showed a complete variance from that described in the complaint. (19 Wend. 329; 2 Hill, 616; 8 Barb. 327; *Green* v. *Covillaud,* 10 Cal. 331.

The Court erred in permitting the plaintiff to amend his

complaint. The complaint had already been adjudged by the Court good on demurrer. The sixty-eighth section of the Practice Act allows an amendment such as this only "upon affidavit showing good cause therefor." No affidavit was made in this case, and the Court had no power to allow any amendment until it was done.

The Court erred in permitting the jury to take into the jury room the preliminary proofs of loss given in evidence by plaintiff as to the articles burned and their value.

These preliminary proofs were those required by all insurance companies, consisting of the affidavit of the insured as to his loss, and the certificate of a magistrate. It has always been recognized that such proofs are not general evidence in the case, but merely proven to show a compliance with the conditions of the policy, which requires them as a condition precedent to a right of recovery. The only fact to be proven is their sufficiency and service on the insurers. When this purpose is accomplished, their functions are fulfilled. Plaintiff cannot prove the articles destroyed, or their value, by his "preliminary proofs," nor can they go to the jury. (*Newmarket* v. *Liverpool Insurance Company*, 30 Miss., 9 Jones, 160; *Sexton* v. *Montgomery Insurance Company*, 9 Barbour, 200; *Commercial Insurance Company* v. *Sennett*, 41 Penn. 161.)

The Court erred in refusing to charge the jury as requested by the defendant. The charge, as asked, was founded upon the direct conditions of the policy, to wit: "All fraud and false swearing, or attempt at fraud or false swearing on the part of the assured, shall cause a forfeiture of all claims under this policy.'

The modification made by the Court places an entirely erroneous meaning and construction on the sentence. "Fraud or false swearing" are equally effective in annulling the policy, whether perpetrated in reference to the fire itself—that is, the mode in which it occurred—or the value of the property destroyed. The modification added by the Court entirely ignores all false swearing as to the cause of the fire. This was error, for which we are entitled to a reversal of the

judgment. (*Cunningham* v. *Dorsey*, 6 Cal. 19; *Carpentier* v. *Williamson*, 25 Cal. 167; *Norwood* v. *Kenfield*, 30-Cal. 399.)

*George Cadwalader*, for Respondent.

The amendment made at the trial by the permission of the Court was clearly within its discretion. (14 Cal. 254; 16 Cal. 156.)

It is, moreover, doubtful whether plaintiff was bound to set forth more than such provisions of the policy as affected his right of action. (*Troy Fire Insurance Company* v. *Carpenter*, 4 Wis. 90.)

The Court did not err in permitting the jury to take to their room the preliminary proofs of loss. The Court simply permitted the jury to have, for their consideration, the "preliminary proofs of loss as to the articles burned," but not as to their value. (Prac. Act, Sec. 167; *Sexton* v. *Montgomery County Insurance Company*, 9 Barb. 200; Pars. Mer. Law, 536; *Newmarket* v. *London and Liverpool Insurance Company*, 30 Mo. 160.)

By the Court, SANDERSON, J.:

The complaint in this case is doubtless obnoxious to criticism, when compared with the contract upon which the action was brought; but it must be held good on demurrer. It alleges an unconditional contract on the part of the defendant, in consideration of the sum of seventy-five dollars, to insure the hotel and furniture of the plaintiff against loss by fire, for the period of time stated, and a loss by fire within the life of the contract, which the defendant has failed to pay, notwithstanding the request of the plaintiff—and, therefore, states a cause of action.

The objection to the contract as evidence in support of the cause of action stated in the complaint, on the ground of variance, was well taken, (*Stout* v. *Coffin*, 28 Cal. 65,) but the Court did not err in allowing the plaintiff to amend so

as to obviate the objection. (*Stringer* v. *Davis*, 30 Cal. 318.) The amendment made by the plaintiff did not wholly obviate the objection, but the objection was not renewed by the defendant after the complaint was amended, and must, therefore, be considered as thereafter abandoned.

Nor did the Court err in allowing the jury to take to their room the sworn statement of the plaintiff as to his losses, and the certificate of the Justice of the Peace. They were documentary evidence within the meaning of the one hundred and seventy-sixth section of the Practice Act.

The instruction of the Court as to what would constitute fraud or false swearing on the part of the plaintiff within the meaning of the contract in suit, is not wholly free from objection, but the expression, "a much larger amount," is not so far out of the way as to justify us in setting aside the verdict. Upon the question of fraud or false swearing on the part of the plaintiff in estimating his losses, in actions of this character, a discrepancy between his estimate and the actual loss, as proved at the trial, which can be reasonably accounted for on the score of opinion, is entitled to no weight. The discrepany must be such as to show a material and intentional over-valuation on the part of the plaintiff before a jury would be justified in convicting him of fraud and perjury. In *Moore* v. *Protection Insurance Company*, 29 Maine, 97, the plaintiff estimated his loss at two thousand eight hundred dollars, and the jury returned a verdict of only one thousand eight hundred and fifty-eight dollars; but . the Court held that the discrepany was not such evidence of fraud as would justify it in granting a new trial. The discrepancy was much less in this case, and we find nothing else in the evidence which satisfies us that there was any substantial ground for the charge of false swearing made by the defendant. Conceding, then, that the language of the Court was not as exact as it should have been, there is no reason, in view of their verdict, to suppose that the jury were misled by it. (*Moadinger* v. *Mechanics' Fire Insurance Com-*

*pany of the City of New York*, 2 Hall, 490; *The Franklin Insurance Company* v. *Culver*, 6 Ind. 137.)

Judgment and order affirmed. It is also ordered that the remittitur be issued forthwith.


SPRAGUE, J., dissenting:

The demurrer to the complaint was properly overruled.

Upon the first point of demurrer the allegation in the complaint, "that on the said 18th day of August, 1865, at Chinese Camp, county and State first aforesaid, the plaintiff herein, to Miller & Co., the agents of said defendant company, having before that date made application thereto, effected an insurance and became insured in said defendant company," etc., if it stood as an independent allegation, would be but a conclusion of law; but it is followed in immediate connection by an allegation setting forth the facts constituting a contract of insurance against loss by fire, originating from any cause.

The second ground of demurrer is untenable.

The third ground of demurrer is not well taken. The complaint substantially avers performance by plaintiff of the acts required of him as conditions precedent to defendant's liability, and the averment that these acts were performed in the "manner required and according to the conditions of the policy," is sufficient under the sixtieth section of the Practice Act. The complaint, upon its face, states a good cause of action upon a policy of insurance against loss by fire, unrestricted in origin or occasion.

The second assignment of error, to wit: the admission of the policy in evidence, offered by plaintiff against the objections, is well taken, admitting the amendment made to the complaint on the trial to have been properly allowed.

As appears by the complaint, the policy declared upon insured against loss by fire originating from any cause, and under all circumstances; whereas, the policy offered and

read in evidence against the objections of defendant limits and restricts the responsibility of the insurer to losses other than "losses by theft at or after a fire, loss or damage by fire caused by means of or during an invasion, insurrection, riot, civil commotion, or military or usurped power," and the allegation in the amendment to the complaint, "that the said fire was not caused by means of any of the exceptions specified in the conditions of the said policy, against which the said defendants declare in said policy that they do not insure," is insufficient to authorize the admission of the policy offered, because the terms of the policy stated in the complaint as amended are essentially different from the one offered.

The complaint should have affirmatively alleged the loss within the restricted limits, stating the limits as prescribed in section two of the policy.

This second section of the policy offered is a special restriction of the general undertaking of defendant contained in the first section. The complaint seems to have disregarded the terms and legal effect of this section, and, as the plaintiff assumed to state the contract sued on according to its legal effect, without setting it out *hæc verba*, he cannot be permitted to give in evidence, in support of his complaint, a contract the legal effect of which is essentially different.

The *allegata* and *probata* should correspond. The policy offered is at fatal variance with the allegations of the complaint. (*Fairchild* v. *Slocum*, 19 Wend. 333; *Rockefeller* v. *Hoysradt*, 2 Hill, 617.)

"When a pleader assumes to set out the particulars of his case, he must be held to have done so." (*Low* v. *Henry*, 9 Cal. 551.)

And when a complaint or answer assumes to set out a contract according to its legal effect, and not *hæc verba*, the allegations cannot be sustained, nor can the responsibility of the party thereby sought to be charged be established by proof of a contract materially modifying or changing the

responsibility as charged. (*Green* v. *Covillaud,* 10 Cal. 331; *Cornwall* v. *Haight,* 8 Barb. 329.)

The instruction asked by the defendant was improper in two respects: First—Because it does not appear that there was any evidence at the trial to point that portion of the instruction with reference to the cause of the fire. Second— That portion thereof having reference to the extent of the loss is too restricted, and would visit honest error of judgment with the same penalty as corrupt falsehood. I am of opinion that the modification to the instruction made by the Court is technically and substantially erroneous; a deliberate, willful attempt of the insured to exaggerate his loss by false swearing, whether the effect be to secure a small or large sum exceeding the actual loss, would vitiate the policy. The test upon this point is the corrupt, fraudulent *intent* to magnify and exaggerate the loss, not the magnitude of the excess over the actual loss. Although a sworn estimate greatly exceeding the real loss might be a circumstance tending to show vicious intent, the simple fact of over-estimate clearly should not be conclusive upon the question of fraud, as it may have been the result of honest error of judgment; hence, the word *much,* as used in the qualifying instruction, was calculated to mislead the jury, and ought not to have been used.

With this correction, I am entirely satisfied with the instruction as finally given by the Court.

Under our statute, (Prac. Act, Sec. 167,) the papers constituting the preliminary proof of loss, served upon defendant, were properly allowed to be taken by the jury under the instruction given by the Court in relation thereto.

Entertaining these views of the case, I am of opinion the judgment and order should be reversed and cause remanded, with leave to plaintiff to amend his complaint.

Mr. Chief Justice SAWYER expressed no opinion.