# H. W. SCHMIDT & SONS *v.* ROYAL INSURANCE COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 22, 1896.        DECIDED MARCH 13, 1897.

JUDD, C.J., FREAR AND WHITING JJ.

(1) A requested instruction on the question whether representations by an applicant for insurance as to the value of the goods and in his statement of claim, after loss, are fraudulent may be refused if they assume as proved, facts which should be left to the jury.

(2) When the charge given sufficiently states the law, the refusal to give instructions in the language requested affords no ground of exception.

OPINION OF THE COURT BY WHITING, J.

The plaintiffs brought their action on a policy of fire insurance for a total loss by fire against the defendant company in the First Circuit Court, and a verdict was rendered in their favor. The policy was made out to one Sing Moi Kee, a Chinese store keeper on the island of Kauai, the owner of the insured property, loss if any payable to plaintiffs. The policy contained conditions relied upon by defendant, which are as follows:

No. 7. "No profit nor advantage of any kind is to be included in any claim for loss or damage under this policy, and if the claim be in any respect fraudulent, or if any false statutory declaration be made or used in support thereof, or if the fire be occasioned by or through the procurement or with the knowledge or connivance of the insured, all benefit under this policy is forfeited.

No. 1. Any material misdescription of any property proposed to be hereby insured or of any building or place in which property to be insured is contained   *   *   *   and any misstatement of or omission to state any fact material to be known for estimating the risk, whether at the time of effecting the insurance or afterwards, renders this policy void as to the property affected by such misdescription, misstatement or omission respectively."

The defendant presents three exceptions by his bill:

1. At the close of plaintiff's case, defendant moved for a nonsuit, which motion was denied.

2. The defendant requested the court to instruct the jury as follows:

"The policy in this case provides that no profit nor advantage of any kind is to be included in any claim for loss or damage under this policy, and if the claim be in any respect fraudulent   *   *   *   or if the fire be occasioned by or through the procurement or with the knowledge or connivance of the insured, all benefit under this policy is forfeited." "I therefore charge you that if you believe that Sing Moi Kee, at the time he made the proofs of loss, stated therein that his stock of goods destroyed by the fire was worth $3600, knowing that its true value was not above $2100, and that he made such statement with intent to deceive the insurance company, the claim was fraudulent and the insurance company was absolved from paying any loss, and your verdict should be for the defendant."

This request was refused by the court.

3. The defendant also requested the court to give the following instruction, which the court also refused:

"If you believe that at the time the application for the policy was made, Sing Moi Kee through his agent made a material misstatement to Mr. Walker as to the value of his stock which he was about to insure, as if he represented it as of the value of about $6000, knowing at the time that it was not worth more than $2500 or $2600, your verdict should be for the defendant."

The court charged the jury upon these points, involved in the exceptions, as follows:

"Gentlemen of the jury   *   *   *   I charge you that if you believe from the evidence that the insured made material misrepresentations to the insurer and that the insurer relied upon such representations in estimating his risk and was induced thereby to enter into the contract, then your verdict should be for the defendant. In other words, if you believe that Sing Moi Kee upon making application for the policy overstated the value of the property to be covered, and that the insurance company in estimating the risk relied upon such statement and was induced thereby to grant the insurance, then your verdict should be for the defendant. Such misstatement of overvaluation in order to work a forfeiture of the right of recovery must be a clear one. I charge you further that a condition of this policy is that if the claim in any respect be fraudulent any benefit under the policy is forfeited. A statement made under the claim to constitute fraud and have the effect of vitiating the contract must be willfully made with respect to a material matter with the intention to thereby deceive the insurer. The mere overstatement of value in the claim does not of itself as a matter of law void the policy. It is a question of fact for you to consider, and in order to have the effect of nullifying the policy, you must find the statement was fraudulent. Direct and positive proof of fraud is not required; it may be inferred from the circumstances proved by the evidence, and if the jury believe from all the evidence in this case that Sing Moi Kee made a fraudulent statement in the claim, then I instruct you that your verdict should be for the defendant company. If you believe that the statement was not fraudulent, as in these instructions defined, then your verdict should be for the plaintiff."

The facts, whether the representations made by the insured in his application for insurance and in his statement of loss were false and fraudulent and were knowingly made with an intent to

deceive the insurer, were left to the jury. A review of the evidence, though it discloses some evidence of an overvaluation of the property, does not convince us that the weight of the evidence upon this point shows a fraudulent intent so clearly as to warrant us in setting aside the verdict. The first letter of the insured stated the value of the property, including the applicant's real estate, to be $6000. The second letter values the property at $5000, but does not specifically mention the real estate as included in this estimate. It might well be that the applicant thought that the agent of the insurer would consider the two letters together. The statement in the claim for loss values the houses at $1400. No proof was adduced to the contrary. It values the goods destroyed, "Chinese groceries and dry goods at $1200, and the American and European goods at $2400, total $3600." The plaintiff showed that an intending purchaser on Kauai was willing to give $1900 for the whole stock of goods, and that $300 worth of goods had been subsequently added, also that some sales had taken place. But it is also in evidence that the insured had offered them at a discount from their value on Kauai in order to make an advantageous sale of all his property.

Since no legal inference of intentional fraud can be derived in this case from the mere fact of overvaluation, and no clear evidence of actual fraud made with the intent to deceive the insurer appears, we cannot disturb the verdict. The following cases may be referred to: *Helbing v. Svea Ins. Co.*, 54 Cal. 156; *Behrens v. Germania Ins. Co.*, 64 Iowa 19; *Shaw v. Scottish Com. Ins. Co.*, 1 Fed. R. 761; *Clark v. Phoenix Ins. Co.*, 36 Cal. 168; *Dogge v. N. W. Ins. Co.*, 49 Wis. 501.

The charge given to the jury was not excepted to, and the bill of exceptions raises only the questions whether the refused instructions should not have been given. The first one was evidently refused because the attorney presenting them in undertaking to state the actual value of the goods insured as compared with the value represented by the applicant for insurance and sworn to in his statement of claim, did not state it correctly,

he not including the value of the stores and also because stating the actual figures as a part of the instruction requested he assumed them to be correct and left no latitude to the jury to find the actual values upon the evidence adduced, the figures being disputed. The second instruction refused was sufficiently covered by the charge given, and is not inconsistent with *Claflin v. Commonwealth Ins. Co.*, 110 U. S. 81, and *Dolloff v. Ins. Co.*, 82 Me. 266, cited by counsel for defendant. The motion for nonsuit was properly denied.

The exceptions are overruled.

*A. S. Hartwell, Thurston & Stanley* and *Kinney & Ballou*, for plaintiff.

*A. G. M. Robertson*, for defendant.