RÍOS, PLAINTIFF AND APPELLEE, *v.* NIAGARA FIRE INSURANCE CO., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action to Recover on Insurance Policy.

No. 3326.—Decided December 1, 1924.

INSURANCE—FIRE INSURANCE—PERFORMANCE OF CONTRACT—PLEADING.—If instead of pleading performance on his part of the contract for fire insurance in the manner prescribed by section 127 of the Code of Civil Procedure the plaintiff alleges the making of the contract and specifies in detail the performance of its conditions, the pleading is good.

ID.—ID.—PLEADING—PRESUMPTION.—The complaint is not insufficient because it does not allege that the fire "was not due to the fault or negligence of the plaintiff." It is presumed that the parties acted according to law and it is for the defendant to plead in his turn that he is exempt from liability because the fire was due to the fault or negligence of the plaintiff.

ID.—ID.—NOTICE—USE OF PREMISES.—It being stipulated in a fire-insurance policy that by failure to use the property as a dwelling and store for more then thirty days the insured would forfeit his right to recover, the fact that he left it unoccupied for one day without notice to the insurer was not a breach of the contract.

ID.—ID.—ID.—ID.—NEGLIGENCE.—The evidence showed that the plaintiff vacated the insured house and removed almost all of the stock and furniture and on the morning of the following day the house was totally destroyed by fire. The plaintiff was not in the house. It was vacant. The plaintiff had engaged a man who was going to make some repairs to take care of the house, but he had not taken charge. One of the doors was not locked. *Held:* That these facts alone do not show negligence on the part of the plaintiff so as to make him responsible for the fire and deprive him of his right to recover.

ID.—ID.—STATEMENT OF LOSSES—VALUE OF PROPERTY. — The evidence showing that the insured unsuccessfully attempted to settle with the insurer the question of the amount of the damages caused by the fire and the property not being susceptible of fluctuation in value from day to day, but a house whose value was fixed, it can not be concluded that the court erred in not holding that it was a prerequisite to submit a statement of the losses to the company within fifteen days after the fire.

The facts are stated in the opinion.

*Mr. A. S. Poventud* for the appellant.

*Messrs. López de Tord & Zayas Pizarro* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Juan Miguel Ríos brought an action against the Niagara Fire Insurance Company to recover $2,500. The defendant demurred, answered and set up special defenses. At the trial both parties introduced evidence and the court finally sustained the complaint.

The defendant appealed, assigning that the district court erred (1) in holding that the complaint stated facts sufficient to constitute a cause of action, (2) in not holding that the plaintiff had forfeited his right by having made changes in the use of the insured building, (3) in not holding that the plaintiff alone was responsible for the fire, (4) in not holding that it was an indispensable prerequisite to the action that the plaintiff should furnish to the defendant a statement of the losses within fifteen days after the fire, (5) in permitting Pedro Oquero to testify as an expert, and (6) in refusing to admit certain evidence.

Let us examine the first assignment. The complaint, in so far as pertinent, reads as follows:

"Second.—That the plaintiff was the owner of a two-story frame house partly reinforced and wholly roofed with galvanized iron. The upper story was used as dwelling and the lower story as a store. The said house was situated in Canas ward at hectometer No. 9 on the road between Ponce and Adjuntas in the municipality of Ponce. The plaintiff insured the said house with the defendant company for the sum of $2,500 for one year beginning August 11, 1922, and ending August 11, 1923, as appears more in detail from policy No. 14,442 issued by the defendant Niagara Fire Insurance Company in favor of the plaintiff, Juan Migual Miguel Ríos Rivera, on August 11, 1922.

"Third.—That the said house and all of its contents were totally destroyed by fire on the 14th of October, 1922, there remaining only the ruins, as no part of the said house was left suitable for use.

"Fourth.—That as soon as the said fire occurred the plaintiff

gave notice of it to the defendant company through its agent Mayoral.

"Fifth.—That in accordance with the terms of the policy the plaintiff proposed to the defendant's agent in Porto Rico, Mayoral, to submit the matter of the losses to the appraisal of arbitrators, but the said defendant's agent refused to consider the proposal of the plaintiff, stating that the company was not willing to submit the fixing of the damages to arbitrators or to consider any aspect of the plaintiff's claim and informing the plaintiff that he might bring suit, inasmuch as the said defendant was not disposed under any circumstances to consider the plaintiff's claim. The said defendant also refused to furnish the plaintiff with the usual blanks for presenting his claim and refused also to receive any claim, written or otherwise, made by the plaintiff.

"Sixth.—That the said house insured by the defendant was worth $2,500 before and on the day of the fire; and the plaintiff alleges that after the said fire the house is worth nothing, the loss of the plaintiff as a result of the fire amounting to $2,500.

"Seventh.—That notwithstanding the efforts made by the plaintiff for coming to an agreement concerning the losses, the defendant has rejected all extrajudicial negotiations, manifesting its desire that the matter be ventilated in court, and, consequently, has refused to pay the sum of $2,500, the value of the property insured on the day of the fire."

The appellant contends that the complaint did not state sufficient facts because it was not alleged that the plaintiff "duly performed all of the obligations on his part" and that the fire "was not caused by the plaintiff's fault or negligence."

In our opinion the assignment is without merit. If instead of alleging performance of a contract in the manner provided for in section 127 of the Code of Civil Procedure, cited by the appellant, a party sets up the existence of the contract and specifies in detail the performance of its conditions, as was done here, the pleading is sufficient. It was so held by the Supreme Court of California where the statute is similar to ours, in the case of *Clark* v. *Phoenix Insurance Co.*, 36 Cal. 168. The court said:

"A complaint that alleges an unconditional contract on the part

of the defendant for a consideration specified to insure the hotel and furniture of the plaintiff against loss by fire for a stated period of time, and a loss by fire within the life of the contract, which the defendant has failed to pay, notwithstanding the request of the plaintiff, states a cause of action, and will be held good on demurrer.''

Nor is it necessary to allege expressly that the fire occurred through no fault or negligence of the plaintiff. The action is one to recover money on an insurance contract by reason of the occurrence of an accident which caused losses to the extent of the amount claimed. The fire is supposed to have occurred through an agency dehors the contracting parties. It is presumed that the parties acted lawfully and it is for the defendant to allege, if such is the case, that it is exempt from liability because the fire was due to the fault or negligence of the plaintiff.

Let us examine the second assignment. From the insurance policy it appears that the insured house was used as a dwelling and as a store. And it is contended that the insured violated the contract by leaving the house vacant for one day without notifying the insurer.

There was no breach. In accordance with the contract itself ''failure to use the property for a period of more than thirty days'' was what would have forfeited the plaintiff's right.

In arguing the third assignment the appellant maintains that the plaintiff was negligent in leaving the house vacant and abandoned and that such negligence renders him responsible for the fire and deprives him of his right to recover.

There is not a scintilla of evidence tending to suggest that the plaintiff set fire to the house. The evidence shows that the plaintiff vacated the house and removed almost all of the goods and furniture on October 13, 1922, and that in the early morning of the 14th it was wholly destroyed

by fire. The plaintiff was not in the house. The house was vacant. The plaintiff had engaged a man, who was going to make some repairs to the house, to take care of it, but the man had not taken charge. One of the doors was not locked.

We think that these circumstances show no such negligence on the part of the plaintiff as would deprive him of his right to recover. Insurance is contracted for risks of this kind.

The fourth assignment is related to a matter discussed in the case of *J. Casablanca, Ltd., et al.* v. *Palatine Insurance Co., Ltd.*, 32 P.R.R. 622, cited by the appellant.

The insurance in that case was on the stock of a drugstore, machinery for the manufacture of shoes and stock of shoes on hand, and the insured failed to furnish the data required under the contract and demanded by the company in order to ascertain the value of the property actually destroyed. The facts of the case were stated in the opinion and the court, by Mr. Justice Hutchison, concluded as follows:

"Under the terms of article 10, the insurance company was equitably entitled to some preliminary proof of the value of the property destroyed at the time of the loss. If for any reason a full compliance with the request as made by the adjuster was not practicable, it would have been a very simple matter for plaintiffs to obtain a statement from the persons or firms from whom purchases had been made, showing the circumstances by reason of which the desired information could not be furnished. Any reasonable effort to procure the data in question, followed, if unsuccessful, by a full disclosure of where, when and from whom the stocks of merchandise, machinery, furniture and fixtures were obtained, together with a statement of the prices paid therefor, would have been enough. Possibly something less than this would have satisfied the rule as to a substantial compliance with the stipulated requirements as to proof of loss. But, be this as it may, some preliminary showing in this regard was a condition precedent to recovery in an action upon either of the policies in question.

"The suits, at the time of filing the complaints, were premature and the judgments appealed from must be affirmed."

The facts of the case now under consideration are different, although the present case involves the construction of an obligation similar to that construed in the *Casablanca Case*.

The district court, in its statement of the case and opinion, expressed itself as follows:

"Ruling upon the question raised concerning the legal extent and construction of article 10 of the insurance policy, wherein it is agreed that as soon as a fire shall occur it shall be the duty of the insured to give written notice thereof to the company and to furnish the company with a statement of the losses and damages caused by the fire and a detailed list of all other insurance covering the property insured, the court holds, in the first place, that evidence was offered by the plaintiff to show that he had taken steps for the performance of this obligation, and, in the second place, it is of the opinion that once the action was brought this was not a necessary and indispensable requisite in order to recover, according to section 175 of the Insurance Law of 1921, for which reason an exception is entered in behalf of the defendant in case of an appeal."

The evidence showed the acts of the insured to which the complaint refers and how he was compelled to come into court because the insurance company refused absolutely to pay the amount of the insurance. The property insured was not merchandise or goods the amount of which might vary from day to day, but a house with a fixed value which was totally destroyed.

This being so, it is not necessary to determine the applicability of section 175 of the Act providing for the incorporation of domestic insurance companies, to regulate the insurance business in Porto Rico, and for other purposes, approved July 16, 1921, a law which was not in force at the time of the fire in the *Casablanca Case, supra*.

There remain to be considered only the last two assignments, which in our opinion, are wholly unimportant.

Witness Pedro Oquero was an employee of the Department of the Interior and offered to purchase from the plaintiff the house later destroyed by fire. The plaintiff's price was $3,000 and the witness offered him $2,700. One of the official duties of Oquero was to report on applications for permits to construct houses near the highways, and 'he was also in charge of the repairing of the houses of the road repairers. The defendant manifested a desire to know whether the witness was testifying as an expert or as a common witness and the plaintiff replied: "In both capacities." Oquero testified also that he had purchased a house in Ponce. He then proceeded to describe in detail the house insured and said that in his opinion it was worth over $3,000. The appellant contends that the court erred in admitting Oquero's testimony on this point.

In our opinion Oquero showed that he had knowledge and experience sufficient to be able to testify as he did. Besides, the fact that the value of the house exceeded the amount of the insurance by some hundreds of dollars was so clearly established by all of the evidence that, as we said before, the matter is of no importance.

Such is also the case as to a question put by the appellant to the plaintiff while he was testifying in his own behalf and which the court refused to admit in a very peculiar manner. The peculiarity is that the question was actually asked and answered. Besides, the appellant afterwards called the plaintiff as its witness and examined him as it saw fit in this connection.

By virtue of all of the foregoing the appeal must be dismissed and the judgment appealed from affirmed in all particulars.

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.