76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arnold R. ABRAMS; Richard I. Blum,
Plaintiffs-Appellees/Cross-Appellants,
v.
Julia DI CARLO; Lawrence J. Celle; Charles P. Buscalacchi,
Trustees for the Linden Associated Growers, Inc. Pension
Trust and the Linden Associated Growers, Inc. Profit Sharing
Trust, Defendants-third-party-plaintiffs--Appellants/Cross-Appellees,
v.
Lois Abrams, Third-party-defendant--Appellee.
 Nos. 94-16681, 94-16798.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Jan. 31, 1996.
 
 Before: LAY,* GOODWIN and PREGERSON, Circuit Judges.
 
 ORDER
 
 1
 This case involves appeals from a jury verdict in which the jury found the defendants, Julia Di Carlo, Lawrence Celle, and Charles Buscalacchi, trustees for two retirement trusts of the Linden Associated Growers, Inc., in California ("the trustees"), defrauded the plaintiffs Arnold Abrams and Richard Blum, both citizens of Hawaii. The jury found the fraud occurred when the trustees obtained the right to buy an undeveloped oceanfront property in Hawaii from Abrams and Blum, but then failed to contribute the property to a partnership with Abrams and Blum that would own and develop the property, as the trustees had promised to do. The trustees took these actions notwithstanding the fact that Abrams and Blum had promised to act, and acted as, general partners for the real estate venture. The jury awarded $350,000 in compensatory damages and $600,000 in punitive damages. The magistrate judge remitted the punitive damages award to $250,000. The trustees appeal the sufficiency of the evidence to sustain the verdict, the measure of compensatory damages, and the punitive damages award. Abrams and Blum cross-appeal the magistrate's remittitur of the punitive damages award and the refusal to enter judgment against the trustees in their individual capacities. We affirm.
 
 
 2
 We find the evidence sufficient to support a finding of fraud under Hawaii law. The jury could reasonably infer from the evidence that the trustees concealed from Abrams and Blum, for more than six months, the need for prior legal approval of the partnership. This directly contradicted the trustees' express approval of the partnership concept and a written partnership "pro forma," as well as their use of Abrams as their agent for purposes of gaining governmental approval for the development of the property. Moreover, the evidence supports a finding that when the requisite legal approval did not materialize, the trustees acted in blatant disregard of the asserted interests of Abrams and Blum in the property. The trustees unilaterally placed the property, which originally cost $350,000, on the market. Despite Abrams and Blum's effort to assert their interests by placing a lis pendens on the property, the trustees allowed one buyer to withdraw from a purchase agreement for $700,000 without consulting Abrams and Blum, and re-listed the property for $950,000. This evidence is sufficient to support a finding of fraud, and the jury could have reasonably found the trustees' actions constituted " 'wilful misconduct or [an] entire want of care which would raise the presumption of a conscious indifference to consequences,' " to sustain an award of punitive damages under Hawaii law. Kang v. Harrington, 587 P.2d 285, 291 (Haw.1978) (quoting Bright v. Quinn, 20 Haw. 504, 512 (1911)).[1]
 
 
 3
 We also find the evidence supports the amount of damages awarded. The $350,000 represents the amount of gross profit that could have been realized by selling the undeveloped property when the trustees first placed the property on the market. The $250,000 punitive damages award, as found by the magistrate judge, represents the trustees' effort to enhance their profits when they allowed a buyer to escape a purchase agreement at $700,000 and relisted the property for $950,000. In remitting the award for punitive damages from $600,000 to $250,000, the magistrate judge properly addressed the trustees' intended profit from the sale and made the award conform to the evidence. See Morgan v. Woessner, 997 F.2d 1244, 1257 & n. 14 (9th Cir.1993), cert. dismissed sub nom. Searle v. Morgan, 114 S.Ct. 671 (1994).[2]
 
 
 4
 Finally, we reject Abrams and Blum's cross-appeal seeking to hold the trustees liable in their individual capacity as well as their representative capacities. We agree with the magistrate judge that the trustees were not named as individuals, and thus no judgment may run against them as individuals in this case.[3]
 
 
 5
 The judgment is AFFIRMED.
 
 
 6
 IT IS SO ORDERED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Given our finding that the evidence of fraud is sufficient to sustain the judgment, we need not address the parties' arguments relating to alternative claims of negligent misrepresentation, mutual mistake of fact, unjust enrichment, and failure of consideration
 
 
 [2]
 The trustees contend there is no evidence Abrams and Blum would have sold the property before developing it, and thus damages cannot be measured by the trustees' sale agreement for $700,000. We find sufficient evidence that Abrams and Blum were willing to sell the property before development was complete, including the "pro forma" to which the trustees said they agreed. See Exh. 118; RT 2-104; RT 3-85. The trustees argue the plaintiffs' losses were not as great as awarded. Even if this were true, it was incumbent upon the trustees to present evidence and arguments to the jury to that effect
 
 
 [3]
 Upon our review of the overall record, we also uphold the magistrate judge's denial of Rule 11 sanctions against the trustees. We find the magistrate judge did not clearly err in finding the trustees did not lack a rational basis in fact for their pleadings and other documents