WESTALL et al. v. OSBORNE.

(Circuit Court of Appeals, Second Circuit.  April 22, 1902.)

No. 143.

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES—NEGLIGENCE OF FELLOW SERVANT—DECLARATIONS—RES GESTÆ—EVIDENCE.

Where a stevedore on a steamship, while removing a hatch preparatory to loading the vessel, fell into the hold, owing to the giving way of the hatch cover on which he was standing, evidence of declarations of the stevedore and winchman, who were assisting him, made immediately after the accident, and while he was being removed from the hold, tending to show that the accident was caused by their carelessness instead of the defective appliances of defendant, as alleged by plaintiff, should be received as part of the res gestæ, though their attention was not called to such statements on cross-examination.[1]

2. SAME—IMPROPER EXCLUSION OF EVIDENCE—PREJUDICE—NEW TRIAL.

Where, in an action to recover for an injury which plaintiff claims resulted from defective appliances furnished by his employer, evidence tending to show that the accident was caused by the carelessness of fellow servants is improperly excluded, and where it is not apparent that its rejection was not prejudicial to defendant, this is reversible error.

In Error to the Circuit Court of the United States for the Eastern District of New York.

J. Parker Kirlin, for plaintiff in error.
R. S. Ransom, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

[1] See Evidence, vol. 20, Cent. Dig. §§ 331, 365.

PER CURIAM. We are constrained to reverse the judgment in this case because of the erroneous exclusion of evidence offered by the defendants upon the trial. The evidence consisted of the declarations of the fellow servants of the plaintiff made immediately after the happening of the accident by which he was injured, and was apparently offered for the purpose of showing that it had been caused by their carelessness instead of the defective appliances of the defendants, as alleged by the plaintiff. The plaintiff, a stevedore, while uncovering a hatch of a steamship preparatory to loading the vessel, fell into the hold owing to the giving way of the hatch cover upon which he was standing; and the declarations were those of the stevedores and a winchman, who were assisting him in uncovering the hold, and were made, some of them instantly after the falling of the hatch cover, and some of them shortly later, but within a few minutes, and while the plaintiff was being removed from the hold. The trial judge ruled that the evidence was only competent for the purpose of contradicting some of the plaintiff's witnesses, and, as their attention had not been called upon cross-examination to the statements which they had made at the time, a proper foundation had not been laid, and it was not admissible. We think the evidence was a part of the res gestæ. What was said just after the hatch cover gave way by those present was a concomitant of the accident, and seems to have grown directly out of it as a natural incident. What was said very shortly after by those who had participated in uncovering the hold was so nearly contemporaneous with the accident as to belong to the same class of evidence. Within numerous authorities it was competent original evidence. Railroad Co. v. Coyle, 55 Pa. 396; Insurance Co. v. Mosley, 8 Wall. 397, 19 L. Ed. 437; Com. v. Hackett, 2 Allen, 136; Com. v. McPike, 3 Cush. 181, 50 Am. Dec. 727; 3,880 Boxes of Opium v. U. S. (C. C.) 23 Fed. 367. In Peirce v. Van Dusen, 24 C. C. A. 280, 78 Fed. 693, decided by the circuit court of appeals, an action in which a railroad employé had been injured by the movement of cars about which he was at work, it was held that statements of the conductor of the train, made almost immediately, and while the cars were moving or had just stopped, and while the injured man was bleeding from the injury received, describing his part in bringing about the accident, were competent as part of the res gestæ.

It may be that the testimony excluded would not, if it had been received, have affected the result of the trial, and, if so, it is much to be regretted that an unnecessary objection was interposed to its reception; but it is apparent that it was offered to contradict the plaintiff's theory of the accident, and it is not apparent that its rejection was not prejudicial to the defendants, and the defendants are consequently entitled to rely upon their exceptions to the ruling.

Judgment reversed.