## HANS TORSON *v.* GEORGE C. BECKLEY, JR.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 10, 1911.                    DECIDED MARCH 21, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EVIDENCE—*spontaneous exclamations—statement of opinion.*

In an action for damages for negligence in the operation of an automobile testimony was offered tending to show that one who witnessed the collision exclaimed shortly afterward that (referring to the plaintiff), "It was all his own fault and if he had taken our advice and had been careful the accident would not have happened." Held, that even though in other respects admissible the statement was the expression of the mere opinion and conclusion of the declarant and was therefore inadmissible.

APPEAL AND ERROR—*instructions—record on exceptions.*

Ordinarily the inclusion in the record of a copy of the charge of the presiding judge to the jury is essential to the consideration of exceptions to the giving or the refusal of instructions.

OPINION OF THE COURT BY PERRY, J.

This is an action for damages for negligence. The plaintiff's claim is that on May 23, 1909, he was with two companions returning on horseback from Waikiki towards the center of the city, that when at a point on King Street near the government nursery and while riding "very slowly" on his right hand side of the road an automobile operated by the defendant and going

"like a streak of lightning" suddenly swerved from the latter's right hand side of the available roadway to the plaintiff's right and endeavored to pass between the plaintiff and the sidewalk on the upper side of the street, and that a collision followed resulting in serious physical injury to the plaintiff; that at the point in question substantially the lower half of King Street was at the time undergoing repairs and closed to traffic by the presence of certain wooden horses; that the unobstructed part of the street was about nineteen feet in width and that the collision was due to the defendant's negligent operation of his automobile. The defendant's claim, on the other hand, practically conceding the condition of the roadway to be as described in the evidence for the plaintiff, is that his automobile was proceeding eastward on his (the defendant's) right side of the unobstructed part of the roadway at the rate of about sixteen miles an hour and that plaintiff was riding towards him on the same side of the road; that the defendant, after observing the plaintiff, continued for a few moments on the same side of the road, expecting the plaintiff to turn to the upper side as required by law; that finding that the plaintiff would not, apparently, turn to his right and would, if the positions remained unchanged, collide with the front end of the automobile, defendant turned suddenly to the left in the hope of thus avoiding a collision but did not succeed in doing so and the fall resulted. There was evidence sufficient to support a finding in accordance with either of these theories and perhaps also a finding to the effect that shortly before reaching the automobile the horse shied and threw the plaintiff to the ground in front of the machine and that it was thus, and not otherwise, that the injuries were received. One of the plaintiff's witnesses gave evidence by deposition to the latter effect. The jury returned a verdict for the plaintiff in the sum of one thousand dollars.

By cross-examination of Asch, a witness for the plaintiff, and by direct evidence for the defendant the defendant offered to prove that within a few moments after the fall and while the

plaintiff was lying on the ground with a broken leg and a broken arm, bleeding and helpless (the plaintiff testifies that he was unconscious )the plaintiff's two companions said that "It was his own darned fault," and again, that one of them was "talking to him and stating to him that it was all his own fault and that if he had taken their advice and was careful the accident would not have happened," or words to that effect. The evidence was disallowed apparently on the ground that the exclamations were made after too great a lapse of time and were disconnected with the accident itself and a mere narrative of a past occurrence.

It may be assumed that to the rule excluding hearsay testimony an exception is recognized which admits "statements or exclamations by an injured person, immediately after the injury, declaring the circumstances of the injury, or by a person present at an affray, a railroad collision or other exciting occasion, asserting the circumstances of it as observed by him" (3 Wigmore, Evidence, Sec. 1746), on the ground that the circumstances attending or giving rise to the utterances are such as to give to them the same degree of trustworthiness which would have been secured by placing the witness under oath. Ib., Secs. 1748, 1749; *U. S.* v. *King,* 34 Fed. 302, 314; *Ins. Co.* v. *Mosley,* 8 Wall. 397, 408. It may be further assumed that it is not indispensable that the declaration be made during the occurrence of the main event but that it is sufficient if it is so connected therewith as to constitute a part of it and is near enough in time to allow the assumption that it was uttered under the same exciting influence. *Carr* v. *State,* 43 Ark. 104; *State* v. *Murphy,* 16 R. I. 528, 533. See also 3 Wigmore, Evidence, Sec. 1756; *Waldele* v. *R. R. Co.,* 95 N. Y. 274, 283; *Leahey* v. *R. R. Co.,* 97 Mo. 172; *R. R.* v. *Baier,* 37 Neb. 235; *R. R.* v. *Coyle,* 55 Pa. St. 396, and *Com.* v. *Hackett,* 2 Allen 136, 139, 140.

Still, even if the circumstances in the case at bar were such as to render the statements in question in other respects admissible, they were inadmissible because at best they constituted

the expression of the mere opinion and conclusion of the declarants. They would have been inadmissible even if testified to by the plaintiff's companions under oath at the trial. "It was all his own fault" was a conclusion upon the ultimate issue which the jury was impanelled to try; and so, also, was the statement, indirectly made, that the plaintiff had not been "careful" and that the collision would not have happened but for his carelessness. The statements were the equivalent of an assertion that the plaintiff had been guilty of negligence. Whether the plaintiff was negligent was a question to be determined by the jury upon the facts as disclosed by the evidence and the law as stated to it by the court. The facts were capable of being stated to the jury by the witnesses and it was within the province of the jury alone to pass upon the ultimate question of negligence or absence of negligence. On this general subject, see, for example, *Boone* v. *Transit Co.,* 139 Cal. 490, 492 493; *Carr* v. *State,* 76 Ga. 592, 596, 597; *Meyer* v. *R. R.,* 30 N. Y. Supp't. 534, 536; *R. R.* v. *Lee,* 51 S. W. (Tex.) 351, 352.

Seven of the exceptions are to the giving of certain instruction and the refusal of others. As to them it is sufficient to say that the court's charge as a whole has not been made a part of the record and that it is therefore impossible to determine that the rulings were erroneous. It may be that the charge as given rendered it unnecessary to grant the instructions the refusal of which is complained of and cured any possible error in the giving of the others. In the absence of any showing to the contrary the presumption is that the instructions given were correct and sufficient.

Against the defendant's objection a copy of Ordinance No. 5 of the City and County of Honolulu was received in evidence. It was offered "as a circumstance to be considered by the jury in determining the degree of negligence." Section 14 of the ordinance provides that no person shall operate a motor car within certain prescribed geographical limits (the collision occurred without the limits) at a rate of speed greater than fifteen miles

an hour "nor either within nor without said area at a speed greater than is reasonable and proper, having regard to the width and grade of the highway, the grade of adjoining declivities and the traffic and occupation of the highway by others, or so as to endanger the life or limb of any person or the safety of any property." As to the locality involved in the case the rule prescribed by the ordinance was not different from that which would obtain in its absence. Even if, therefore, the evidence was not admissible, the error was not prejudicial.

On re-direct examination one of the plaintiff's witnesses, after testifying concerning plaintiff's companions, "I judge from the remarks they made they were companions of the man," answered in the affirmative the question, "And judged from their actions they were partly under the influence of liquor?" On re-cross examination the court disallowed the question, "What were these remarks which they made to lead you to the inference that these men were partly intoxicated?" The ruling was correct. Whether plaintiff's companions were under the influence of liquor was immaterial to the issues under investigation, the evidence of exclamations made by them having been excluded.

All of the exceptions, whether in this opinion specifically referred to or not, are overruled.

*G. A. Davis* (*A. L. C. Atkinson* on the brief) for plaintiff.

*C. C. Bitting* (*Thompson, Clemons & Wilder* on the brief) for defendant.