Nawelo v. von Hamm-Young Co., 20 Haw. 644.

## SAM NAWELO *v.* VON HAMM-YOUNG COMPANY, LIMITED, A CORPORATION.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED SEPTEMBER 15, 1913.    DECIDED SEPTEMBER 30, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EVIDENCE—*res gestae—spontaneous declaration.*

A declaration to be part of the *res gestae* in a personal injury case need not be strictly contemporaneous with the transaction or event to which it relates; it is enough that it was a spontaneous utterance engendered by the excitement of the main event made immediately after and under the influence of the occurrence and so connected with it as to characterize or explain it.

TRIAL—*instructions.*

Instructions need not be given in the language requested if those which are given correctly state the law and fairly and sufficiently cover the ground. But where instructions are asked which correctly state the law on any issue presented it is error to refuse to give them unless the points are adequately covered by the instructions given. It is generally considered error to refuse to give a requested instruction on a given point which is accurate and applicable though the point may have been inferentially covered by a general instruction which was given.

### OPINION OF THE COURT BY ROBERTSON, C.J.

This is an action for damages for personal injury alleged to have been sustained by the plaintiff by having been run against by an automobile operated by an employee of the defendant. The jury returned a verdict for the plaintiff. The defendant brings exceptions seeking to have reviewed certain rulings made by the trial court involving questions as to the sufficiency of the evidence for the plaintiff, the admission and rejection of certain testimony over defendant's objections and the giving and refusing respectively of certain instructions to the jury.

It appeared by uncontradicted testimony that on July 10, 1912, the day of the accident, one Henry Hustace was in the

employ of the defendant as salesman, demonstrator and chauffeur in the auto sales department of the corporation; that on the morning of that day he was instructed by a superior to drive an automobile belonging to the defendant from the Young residence at the corner of King and Victoria streets, in Honolulu, to the company's salesroom; that the shortest route from the Young residence to the salesroom lay directly along King street; that in taking the automobile in Hustace diverged from King street through the capitol grounds to Hotel street in order to call at the Royal Hawaiian Garage; that he drove into that garage and after remaining there a few minutes proceeded to leave by backing the automobile out through the entrance, across the sidewalk into Hotel street; that in so backing out the machine was swung over towards Richards street and against and partly over the body of the plaintiff, an employee of the water works bureau, who was engaged at the time at an excavation made in the street for the purpose of severing a supply pipe from the water main in the street.

It was not contended that the mere fact that the chauffeur deviated from the direct route would constitute a defense to the action if the company were otherwise liable, but it was contended that the evidence showed that the deviation was made by the chauffeur for purposes purely his own and in actual disloyalty to his employer, and, hence, that at the time of the accident he was not acting within the scope of his employment as a servant of the defendant. Upon this ground the defendant moved for a directed verdict and for judgment notwithstanding the verdict. The circumstances in this connection were shown by the testimony of Hustace to have been substantially as follows: Some time prior to the day of the accident one Pay had called at the defendant's salesroom to make inquiries with the view to purchasing an automobile and had been spoken to by another salesman named West about a certain second-hand machine; that West turned the matter over to Hustace, asked the latter to show the machine to Pay, and went away; that Pay

asked Hustace what he thought about the machine, and Hustace replied that he was not in a position to tell him exactly what he thought about it; that on the morning of the accident Pay asked Hustace over the telephone to meet him at the Royal Hawaiian Garage as he wanted to see him in regard to a car; that on the occasion in question Hustace called at that garage for two purposes, namely, to see Pay with reference to the sale of a machine, and to see one Harris upon a business matter of his own; that on meeting Pay at the garage the latter asked him for his opinion in regard to the car that he (Pay) was thinking of purchasing; that Hustace told Pay that that car was not in good condition, was not the right kind of a car for his work, and advised him to buy another car which the company had in stock and which Pay eventually did purchase though Hustace did not himself effect the sale.

We need express no opinion on the point whether the jury was at liberty to draw from this testimony the inference which defendant's counsel drew. We are clearly of the opinion that the jury could properly have found, as they evidently did find, that Hustace was acting honestly and in the best interest of his employer as he saw it, and that there was no error of which the defendant can complain in it having been left to the jury under appropriate instructions to find from the testimony whether at the time of the accident Hustace was acting within the scope of his employment as a servant of the defendant or was proceeding as his own master about an undertaking of his own.

In the several exceptions taken to rulings upon the admission and rejection of evidence we find no reversible error, and shall advert particularly to only one of them. Over the objection of the defendant's counsel a witness was allowed to testify to a conversation had with Hustace immediately after the plaintiff was injured and before he was taken to the hospital. The witness who saw the occurrence testified that she had upbraided the chauffeur saying "This is one of the most careless things I ever saw—backing out of the garage into the street and not

making any sound at all," and that the chauffeur replied "But the governor got away from me." What the witness had said to the chauffeur was afterwards stricken out as it should have been, but the chauffeur's reply was allowed to remain in evidence. The record shows that in arguing a motion to strike out the testimony defendant's counsel said that the "statement of Mr. Hustace's as to losing control of the governor is vague and indefinite and means nothing." The improper admission of a bit of vague and meaningless evidence would hardly be regarded as prejudicial error. However, assuming that the testimony could have been considered by the jury as tending to explain or account for the accident, the question is whether the statement was properly admitted as part of the *res gestae.* On behalf of the defendant it is claimed that the statement was not explanatory of anything in which the declarant was then engaged and that as it did not accompany the act from which the injuries in question arose it was the mere narration of a past occurrence which should have been excluded as hearsay. The case of *Vicksburg & M. R. R.* v. *O'Brien,* 119 U. S. 99, is largely relied on. In that case the statement of the engineer of a railroad train as to the rate of speed at which the train was moving at the time an accident occurred made between ten and thirty minutes after the occurrence was held not admissible as part of the *res gestae.* It is to be regretted that the exact circumstances under which the statement in that case was uttered were not made to appear. In the case at bar we think the statement was part of the *res gestae* and properly admitted as such. It was made at the spot where the accident occurred immediately after it had happened and in the presence of the injured party. A declaration to be part of the *res gestae* need not be strictly contemporaneous with the transaction or event to which it relates; it is enough that it was a spontaneous utterance engendered by the excitement of the main event made immediately after and under the influence of the occurrence and so connected with it as to characterize or explain it. 24

A. & E. Enc. Law (2nd ed.) 664 *et seq; Torson* v. *Beckley,* 20 Haw. 406; *Westall* v. *Osborne,* 115 Fed. 282; *Sample* v. *Ry. Co.,* 50 W. Va. 472. In the case last cited it was pointed out that Mr. Justice Harlan who wrote the majority opinion in *Vicksburg & M. R. R.* v. *O'Brien* subsequently became the author of the opinion in the case of *Peirce* v. *Van Dusen,* 78 Fed. 693, where a statement made by the conductor of a train immediately after an occurrence in which a brakeman of the railroad was injured was held admissible. Much of what was there said in approval of the admission of the statement in that case is applicable to the case at bar in favor of the admission of the declaration made by Hustace. In *Westall* v. *Osborne, supra,* the evidence consisted of declarations made by fellow servants of the plaintiff after the happening of the accident by which he was injured, and it was held that evidence of what was said "very shortly after" as well as of statements made "just after" the event was properly admitted.

The remaining exceptions, of which there are several, relate to the charge given to the jury and to the refusal of the court to give certain instructions requested by the defendant. It appears that the trial judge refused all the instructions in the form requested by respective counsel regardless of their merits and proceeded to charge the jury in his own way. This practice, which is followed by some of the circuit judges, was brought to the attention of this court in *Bright* v. *Quinn,* 20 Haw. 504, without calling forth any special comment. The practice is permissible and is not to be discouraged. A complete and thoroughly impartial charge free from the partisan colorings and repetitions which are liable to creep into instructions prepared by counsel will present a case to the jury in the most desirable way. But where the practice is exercised it is incumbent upon the trial judge to see to it that the jury are instructed fully and fairly from the standpoint of each of the contending parties, and that no point of importance upon which a proper instruction has been requested is overlooked. Under the statute

it is not incumbent upon the court, in cases where the parties are represented by counsel, to charge the jury upon the law unless so requested in writing, but on the contrary it is made "the duty of counsel" to furnish the court with written requests for instructions upon which, in case of objection, counsel are entitled to be heard. R. L. Secs. 1801, 1802. The court may and in furtherance of justice generally will instruct the jury upon points on which appropriate instructions have not been requested by counsel, though the statute does not require it. Hence it is that an attorney, mindful of his duty to his client, will have prepared for submission to the trial judge at the proper time a set of instructions designed to elucidate to the jury the law of the case from his client's point of view. Correct instructions which have been thus carefully prepared should not be lightly brushed aside unless the court is prepared to give the necessary time to the preparation of a complete charge. It is well settled in this jurisdiction that mere non-direction on matters of law is not ground of error where specific instructions have not been requested. *Sylva* v. *Wailuku Sug. Co.,* 19 Haw. 602, 609; *Territory* v. *Furomori,* 20 Haw. 344, 350. Also that instructions need not be given in the language requested if those which are given correctly state the law and fairly and sufficiently cover the ground. *Bright* v. *Quinn, supra; Ferreira* v. *Honolulu R. T. & L. Co.,* 16 Haw. 615. But we take it to be equally well settled that where instructions are asked which correctly state the law on any issue presented it is error to refuse them unless the points are adequately covered by the instructions given. 38 Cyc. 1718, 1719; *Denver City Tram Co.* v. *Norton,* 141 Fed. 599, 608; *Strubble* v. *De Witt,* 81 Neb. 504; *Hunt* v. *Tp.,* 165 Mich. 187, 199; *Boswell* v. *Thompson,* 49 So. (Ala.) 73; *Chenoweth* v. *R. Co.* 53 *Ore.* 111, 121; *Waniorek* v. *R. Co.,* 17 Cal. App. 121, 128; *Penny* v. *R. Co.,* 153 N. C. 296, 302; *Isley* v. *Bridge Co.* 143 N. C. 51; *Mallen* v. *Waldowski,* 203 Ill. 87; *R. Co.* v. *King,* 115 S. W. (Ky.) 196; *R. Co.* v. *Johnson,* 16 S. E. (Ga.) 49, 51; *Parkhill* v.

*Brighton,* 61 Ia. 103, 108; *R. Co.* v. *Foth,* 101 Tex. 133, 144. The cases cited go to show that it is generally considered error to refuse to give a requested instruction on a given point which is accurate and applicable though the point may have been inferentially covered by a general instruction which was given.

We find that the charge given in this case was free from objection so far as it went, and we overrule the exception which was noted to a part of the charge which dealt with the question of agency. We feel obliged to hold, however, that reversible error was committed by reason of the refusal of the court to give certain instructions which were requested by the defendant upon points which were not covered except indirectly and by inference in the charge given.

In the charge negligence and contributory negligence were defined and the jury were instructed in brief and general terms that if they should find that Hustace was not guilty of negligence, or if they should find that the plaintiff was guilty of negligence which contributed proximately to his injury their verdict should be for the defendant. In this connection the defendant requested these additional instructions which were refused: "5. The mere happening of a casualty is not evidence of negligence. The presumption is that in the performance of a lawful act ordinary care is used. In this case the mere fact that the plaintiff was injured or that the auto backed into the plaintiff is not in itself alone evidence of negligence. In spite of those admitted facts the burden is still upon the plaintiff to prove by other evidence that the chauffeur did not on that occasion use the same degree of care and prudence in the management of his auto which an ordinarily careful and prudent driver of automobiles would have used under the same circumstances." "17. For an accident purely unavoidable no one is liable. If all persons concerned in a collision on a public highway do and omit to do all that ordinarily prudent and careful persons placed under the same circumstances would have done and omitted to do and still an injury results, that

injury is an unavoidable accident and the results of it, whether it be suffering, or payments of money, or other financial loss, must be left upon those upon whom they were unfortunately placed by the accident itself." Counsel for plaintiff do not claim that these instructions were incorrect or objectionable, but they contend that the points were sufficiently covered by the charge. With this we do not agree. It is true that the propositions contained in the requested instructions were inferable from what the court said to the jury about negligence, contributory negligence, the effect of either, and as to the burden of proof being upon the plaintiff, but the question of unavoidable accident was also involved and nothing in the charge was calculated to call to the attention of the lay mind the points covered by these requests. There is merit in the contention of defendant's counsel that the case from the standpoint of the defense was not fully and fairly covered by the charge and that the defendant was entitled to have the jury instructed .as requested.

There were two other requested instructions which we think ought to have been given. Standing by themselves they were of small importance but taken in connection with the refusal to give the requests above mentioned they add somewhat to the force of the defendant's complaint. They were as follows: "3. Briefly, I instruct you that the questions of fact arising in this case for your decision are as follows: (1) Did the injury complained of arise through the negligent act of the chauffeur?; (2) Was the chauffeur in question in the employ of the defendant and acting within the general scope of his employment at the time of the accident?; (3) Was the plaintiff guilty of negligence, causing or directly contributing to the accident?; (4) Was the collision the result of unavoidable accident?; (5) What damage has been sustained by plaintiff, if any? As to these several questions the court will endeavor to give you the law which shall control your deliberations in arriving at your answers thereto." And "19. * * * * If you find that the evi-

dence bearing upon the plaintiff's case is evenly balanced or that it preponderates in favor of the defendant, then the plaintiff cannot recover and you should find for the defendant." The first of these requests was well calculated to assist the nonprofessional mind in singling out and considering the issues involved in the case and included in the charge as given, and we know of no good reason for the refusal to give it. The second was a part of the usual instruction as to the burden of proof in civil cases. See *Strubble* v. *De Witt, supra.*

We find no error in the exceptions taken to the court's refusal to give other requested instructions.

For the errors above specified the verdict is set aside and a new trial granted.

*Lorrin Andrews* (*Andrews & Quarles* on the brief) for plaintiff.

*E. C. Peters* for defendant.