## ANDREW I. BRIGHT *v.* THOMAS J. QUINN.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 4, 5, 1911.  DECIDED MAY 18, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EVIDENCE—*diagram of place of accident.*

A diagram exhibited to a witness for the purpose of illustrating a question need not be prepared by an expert surveyor.

NEGLIGENCE—*contributory negligence—standing on running board of street car.*

In an action against a person operating an automobile to recover damages for negligence causing injury to the plaintiff, the fact that the plaintiff while a passenger on a street car remained on the running board does not necessarily constitute negligence, irrespective of whether there were vacant seats in the car. Whether or not the plaintiff was guilty of contributory negligence is a question to be determined by the jury in view of all the circumstances of the case.

Bright v. Quinn, 20 Haw. 504.

TRIAL—*argument of counsel—comments on conduct of party and of witnesses.*

Comment before a jury on the fact, disclosed by the evidence, that one of the parties paid for the lunches of two witnesses on two days during the trial is within the bounds of legitimate argument.

TRIAL—*instructions—form and arrangement.*

Instructions need not be given in the precise words requested if they are substantially given in another form.

DAMAGES—*punitive—when recoverable.*

Punitive damages are recoverable in actions of tort when the defendant's misconduct has been wilful or when he has acted with a reckless indifference to the rights of others.

OPINION OF THE COURT BY PERRY, J.

In this case the plaintiff claims the sum of five thousand dollars as damages for injuries suffered by him in consequence of the alleged negligence of the defendant while operating an automobile on Hotel Street in this city on October 21, 1909. The plaintiff at the time of the accident was standing on the running board of an electric street-car and was thrown to the ground by the impact of the automobile which was going in the opposite direction. The jury returned a verdict for the plaintiff for one thousand dollars. The case comes to this court on twelve exceptions, the first of which has been abandoned.

Exception 2. A witness for the plaintiff having failed to understand a question concerning the position of the automobile with relation to the street-car, the railroad track and the side lines of the street, counsel drew a diagram showing roughly the lines of the street and the position of the track and then showed it to the witness while repeating the question. The question was objected to "as leading and misleading, the description being used is not a map, has not been put in evidence, calls the attention of the witness to something which does not go on the record, which is not presented here as an accurate drawing." Without repeating in full the question, as asked, we are unable to sustain the objection on any of the grounds stated. A diagram exhibited to a witness for the purpose of illustrating a question

need not be prepared by an expert surveyor. The drawing bears the clerk's endorsement to the effect that it was received in evidence and was before the jury for consideration in connection with the witness' answer.

Exception 3. E. E. Bodge, a witness for plaintiff, testified that he was in the business of repairing and selling automobiles, that he was familiar with the machine operated by defendant at the time of the accident and also with one operated by a certain Hughes, that both were of the same general character, that in their dimensions there was "very little difference, might be a matter of an inch or two one way or the other" in width, described experiments made about a year after the date of the accident under a tamarind tree overhanging the roadway at or near the place of the accident and concerning which testimony was given by other witnesses, and was then asked, "What clear way was there between the tip of the top of that canopy" (of the Hughes' car.) "to the nearest branch of that tamarind tree?" To this question the defendant objected on the ground that there was no evidence tending to show whether the condition of the tree was the same at the time of the experiment as at the time of the accident. Perhaps it was error to permit the question under the circumstances, but it was not of such consequence as to require the setting aside of the verdict. Moreover, the defendant subsequently gave testimony to the effect that between the date of the accident and of the experiments by Bodge the lower branch, or a part of it, of the tree had been cut. No witness testified to the contrary and the defendant had the benefit of that testimony in attacking, if he did, Bodge's evidence.

Exception 4a. Objection was also made to testimony by Bodge concerning measurements which he made of the distance between the Hughes' car and the railroad track, on the ground, apparently, that the automobile used for the purpose of the measurements was not that of the defendant. In view of

the evidence of the great similarity between the two machines the objection is unfounded.

Exceptions 4b and 6. Bodge was asked on cross-examination, "What would you consider to be a safe distance to run from the bough of that tree?" and the defendant on direct examination, "What is the proper distance or space to allow your machine in passing under a tree, under the tree there that night, at any time?" and the questions were disallowed. The rulings were correct. The questions in effect called for the opinion of the witness upon the ultimate issue of negligence. It was for the jury to say, under all the circumstances as they found them to exist on the evening in question, whether the defendant acted as a reasonably careful and prudent man in not causing his automobile to pass closer to the tree or in bringing it as close to the street-car as he did.

Exceptions 5 and 9. The defendant moved for a nonsuit "on the ground of the contributory negligence of the plaintiff in standing on the running board of the car in which there was room for him to ride inside, therefore, according to the affirmative showing of the plaintiff, he is guilty of contributory negligence and cannot recover" and requested an instruction directing a verdict for the defendant on the ground that "the evidence in this case has established the fact that plaintiff was guilty of contributory negligence at the time of the injury." Exceptions were noted to the refusal of the motion and of the request and also to the verdict on the ground that it was contrary to the law and the evidence. The plaintiff testified that as he approached the car with the purpose of boarding it, and also after stepping on the lower running board, he looked over the car and was able to see no vacant seat, that he remained on the running board at a point opposite the second seat from the front end of the car and stood there facing forward until called upon by the conductor for his fare, that immediately after paying his fare he turned forward and then saw for the first time the lights of the approaching automobile dangerously close to

him, that he hastily stepped upon the second or higher running board in an effort to escape the advancing automobile and that at about the same time some portion of the automobile struck him and forced him to the ground. The evidence was conflicting as to whether or not, in fact, any of the seats in the car were vacant while the plaintiff was a passenger, and it is impossible to ascertain from the record what the finding of the jury was on this point. But whether all of the seats were occupied or a few of them were vacant, it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence merely by reason of the fact that he remained upon the running board. It is a matter of common notoriety in this city that men often ride upon the running boards of the cars of the Honolulu Rapid Transit & Land Company irrespective of whether or not the seats are all occupied. This is known as well to drivers of automobiles and other vehicles who make use of the public highways as to other members of the community, and every person who operates an automobile in this city should operate it with that fact in view. In each case it is for the jury to determine, in view of the passenger's physical condition, of the existence or nonexistence of possible obstructions of the roadway and of all other circumstances, whether the passenger in remaining on the running board acted as a reasonably careful and prudent man similarly situated would have acted. In this case it would not have been unreasonable for the jury to find that men of ordinary care and prudence would have so ridden under the circumstances as they existed,—in other words, a finding that the plaintiff was free from negligence would not be contrary to the evidence.

The case of *Fuller* v. *Rapid Transit Co.*, 16 Haw. 1, does not decide to the contrary. That was an action against the street railway company upon one of whose cars the plaintiff was a passenger at the time. The plaintiff had stepped upon the running board of the car, had paid his fare and was walking forward upon the standing board "to see if he could find room to sit

down in the car," and the ruling was that, as a matter of law, it could not be said that the plaintiff was guilty of contributory negligence "in getting upon the car at the side or in walking along the outside stepping board to find a seat, the car appearing to be full. The stepping board is intended to be used for that purpose and that it is so used by the public is a matter of common notoriety." On the general subject under discussion see *Connolly* v. *Ice Co.,* 114 N. Y. 104.

The question as to what the rule would be in an action brought by a passenger against a street railway company, whether the seats were all occupied or partly unoccupied, is not involved in this case. Our consideration is confined to the facts before us.

Exception 7. In the course of his argument to the jury counsel for the plaintiff said that the conduct of the defendant in paying for the lunches of Howks and Bly, witnesses for the defendant, was 'in very bad taste, to say the least," and "the same as if he had taken you gentlemen of the jury to lunch with him." Counsel for the defendant interrupted the argument at this point and requested the court to instruct the jury "that there was nothing improper in a party to a cause paying for the lunches of a witness." This the court refused to do. The ruling was correct. There was evidence to the effect that the defendant had furnished lunch to the witnesses named on two days while the trial was in progress. Whether or not and to what extent the witnesses were influenced by the fact referred to was for the jury to say. It was within the bounds of legitimate argument for the attorney to call the attention of the jury to the facts as disclosed by the evidence and to suggest his own views on the subject.

Exception 8. The presiding judge refused all of the instructions asked by the parties and gave to the jury instructions prepared by himself. The defendant complains that his instructions were not given in the very words requested. In this jurisdiction it is settled beyond doubt that instructions need not be given in the precise words requested, if they are substantially given in another form. *The King* v. *Cornwell,* 3 Haw. 154; *Merrill* v.

*Jaeger,* 5 Haw. 475, 483, 484; *The King* v. *Ahop,* 7 Haw. 556, 563; *Provisional Government* v. *Gertz,* 9 Haw. 288, 292; *Schmidt* v. *Royal Ins. Co.,* 10 Haw. 683, 687; *Laupahoehoe Sugar Co.* v. *Wilder S. S. Co.,* 11 Haw 261, 270; *Kapiolani Est.* v. *Cleghorn,* 14 Haw. 330, 338.

Exception 10 is "to the refusal of the court to give all the instructions of the defendant which were not included in its charge, and to each and every one thereof." The only matter argued under ·this exception is the refusal of defendant's requested instruction No. 14, reading, "If you find from the evidence that at the time of the alleged injury the plaintiff was standing on the running board of the electric car and that his body, or part of his body, was projecting beyond the body of the electric car, then the plaintiff is guilty of contributory negligence and you must find for the defendant." This is sufficiently disposed of by what has been said concerning exceptions 5 and 9. The mere fact that the plaintiff's body projected, in part, if it did, beyond the extreme limits of the car, would not necessarily, and as a matter of law, render him guilty of contributory negligence. or bar him from recovering.

Exception 11 is to the verdict "as being contrary to the law and the evidence and to the weight of evidence." The only ·point made under this exception is that the verdict is excessive and that punitive damages are not recoverable in any action of tort such as this, and at least were not recoverable under the circumstances of this case. The presiding judge instructed the jury: "if you find from the evidence that the injury to the plaintiff occurred through the wilful and wanton disregard by defendant of the rights of others, you are not confined to mere compensation to plaintiff for his injuries, .but may, under such circumstances, award punitive or exemplary damages." The defendant noted an exception to the charge "as a whole" but did not except specifically to the instruction just quoted· or request the giving of one to the contrary. Whether under the circumstances he is in a position, under the exception to the verdict, to urge his present

contention that punitive damages are not recoverable is far from clear. See *Territory* v. *Lau Chong,* ante 235, and *Makekau* v. *Kane,* ante 203. However that may be, the point, even though properly before us, cannot be sustained.

There was evidence sufficient to support a finding that the plaintiff was rendered unconscious by the fall and remained at the hospital for eight days receiving treatment, that he received an injury on the head leaving a scar two inches long, that a part of one of his ears was almost severed from the ramainder of that organ, that he received other bruises about the head and arms, that he suffered intense pain for days, that his jaws were injured so as to render mastication exceedingly difficult and that he did not recover their full use for a period of about five months, that during the whole of that period he suffered some pain and was unable to do his accustomed work and that prior to the accident he had been a ship carpenter and caulker earning at times as much as $5 per day and subsequent to the injury received employment in clerical capacities, first at $135 for twenty-seven or twenty-eight days and later at $80 a month plus certain "side-money tips." Even if it were apparent from the record that the jury awarded compensatory damages only it would be impossible to say that the verdict was excessive. An award of $1000 as compensation for the injuries and pain testified to as having been suffered by the plaintiff would not be unreasonable. However that may be, the jury were instructed that if they should find from the evidence that the injury occurred "through the wilful and wanton disregard by defendant of the rights of others" they would not be confined to more compensation but could award punitive damages. While the propriety of the doctrine has been questioned it is now too well established to admit of argument that in actions of tort punitive damages may, under certain circumstances, be awarded in addition to such sum as the plaintiff may be found entitled to purely by way of compensation for his injuries and suffering. *Bernard* v. *Loo Ngawk,* 6 Haw. 214; *Ayers* v. *Mahuka,* 9 Haw.

377; *Day* v. *Woodworth,* 13 How. 363, 371; *R. R. Co.* v. *Quigley,* 21 How. 202, 214; *R. R. Co.* v. *Arms,* 91 U. S. 489, 492, 493; *Ry. Co.* v. *Prentice,* 147 U. S. 101, 107; *Scott* v. *Donald,* 165 U. S. 58, 86, 88. Such damages may be awarded in cases where the defendant "has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations" (*Ry. Co.* v. *Prentice,* supra); or where there has been "some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences" (*Ry. Co.* v. *Arms,* supra). In such cases a reckless indifference to the rights of others is equivalent to an intentional violation of them. Ib. Measured by these standards, there was sufficient evidence in the case to justify the jury in awarding punitive damages. A finding that the defendant operated his automobile on the occasion in question with a reckless indifference to the rights of the plaintiff or of any others who might be on the street-car would have been supported by evidence. It is true that the defendant's explanation, given on the witness stand, was that starting from a point adjoining the mauka sidewalk on Hotel Street his automobile had not crossed to the makai side of the railway track, was still proceeding at intermediate gear and consequently had not yet gathered much headway when the car appeared suddenly at a curve in the road at a point very near to the defendant and that at the moment it seemed to the defendant that under the circumstances the safest course to pursue would be to endeavor to pass the street-car on its mauka side and that the accident was purely the result of an error of judgment. The jury, however, seems to have placed no credence on this statement and to have believed the evidence to the contrary, which was, in substance, that the automobile was proceeding eastward on the makai side of the railway track when first seen by those in the street-car and was at that time about 150 feet distant, that there were no vehicles or other obstructions of any kind to prevent his continuing on the makai side of the

street and thus passing the street-car, that when within twenty-five or thirty feet of the street-car he suddenly, without sounding his horn, turned the automobile to the upper side of the street in front of the car, that the car, which had shortly before stopped at one of its stations, was proceeding at a very moderate rate of speed and stopped within one and one-half or 'two lengths of the place where the plaintiff fell to the ground, that all the lights on the street-car were burning as usual, that in the collision the stanchions of the defendant's automobile were splintered and the right front fender bent and one of the handle bars of the street-car broken, that the collision was accompanied by a crash which was plainly audible to those on the street-car and that the defendant continued on his way in his automobile without stopping to render assistance or make any inquiries. Upon this state of the evidence, an award of punitive damages, if any was made, cannot be set aside.

The exceptions are overruled.

*F. Schnack* (*E. C. Peters* on the brief) for plaintiff.

*J. A. Magoon* and *C. K. Quinn* (*Magoon & Weaver* on the brief) for defendant.