## CURLS v LENOX GARAGE CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 5918. Decided Mar 17, 1941

M. Froome Barbour, Cincinnati, for appellee.

Charles P. Taft, Cincinnati, for appellant.

### OPINION
By HAMILTON, J.

This law suit, heard on questions of law, is an action in damages for malicious prosecution, brought by the plaintiff, appellee here, against the defendant, appellant.

It appears that the plaintiff was driving the automobile of a friend, and a defective tire developed near the garage of the defendant. Plaintiff went to the garage for relief and an employee of the defendant garage company took his power jack and went to the automobile, which was about a square and a half away. The employee of the garage placed the power jack under the car, raised the car, and took off the tire, and took it to the garage for repair, and did not return with the tire. After waiting a long time, plaintiff went to the garage and the employee had left for the evening, and left a card on the tire, showing a charge of fifty cents for repairs. Plaintiff took the tire to the car and replaced it himself. He took the jack from under the car and shoved it in the tonneau of the automobile and

went on to keep an appointment, to pick up the owner of the car. He picked up the owner of the car, and together they drove home with the jack in the car.

After some forty-eight hours, the defendant sought the jack, and went to the place of employment of the plaintiff, and learned that he had moved, and his employer did not know the proper address.

Defendant thereupon procured a warrant for larceny of the jack against plaintiff.

The jack was returned to the defendant and plaintiff went to his regular place of employment, where he had worked for many years, and there learned that a warrant charging larceny had been issued for his arrest, and was in the hands of officers who were seeking him. He went immediately to the defendant's garage, and, after a conversation with its manager, was informed that the warrant was out for his arrest, because of the failure to return the jack. After some discussion, they informed plaintiff, they would drop the prosecution upon the payment of $5.00, as they had been put to some expense and trouble. The plaintiff was greatly concerned about losing his job which he feared would grow out of the prosecution. He, thereupon, paid the $5.00, and the defendant notified the authorities it desired to drop the prosecution.

In the meantime, plaintiff had been arrested on the warrant, and had to appear in court. Defendant company was unable to stop the prosecution, and the plaintiff was required, as above stated, to appear in court and stand trial. Defendant did not appear to prosecute, and urged that the matter be dropped. The Court called plaintiff to the stand and interrogated him with regard to the transaction, and he was acquitted.

The plaintiff, in order to save his job, had told his employer some things which were not true. Thereupon, the employer of the plaintiff discharged him for reasons growing out of the arrest, and he was for some time without employment, and later secured employment.

These are in substance the controlling facts.

Thereupon, plaintiff instituted this action, and upon trial of the case secured a verdict for $2,500.00. Judgment was entered on the verdict, and from that judgment this appeal was taken by defendant.

Several questions of error are assigned, but two of which will be commented upon.

The first question suggested is, was there probable cause to believe that the plaintiff was guilty of the crime charged. This is not a case of false arrest. Probable cause would have a bearing on the question of malice, and was a question for the jury under proper instructions.

The jury might well believe, under the evidence, that there was insufficient investigation, and that the arrest was to accomplish a private end, and not connected with the public good. If the jury so believed, it would be sufficient to indicate malice in the prosecution, and, therefore, punitive damages would be recoverable.

The next question is the claim that the payment of the $5.00 was a settlement and compromise, and was, therefore, a complete defense to the action, and 53 L. R. A. 715, and notes thereunder, is cited in support of the claim. There were several circumstances indicated by the evidence that the payment of the $5.00 by the plaintiff was not a voluntary payment, but made under stress or fear. Undoubtedly, if there was a payment, making complete settlement and compromise in the case, the plaintiff would be barred from proceeding further. The authorities amply support that proposition. But, it must be borne in mind that the prosecution did not stop, in so far as injury and damage to the plaintiff was concerned, and the matter proceeded to trial, which resulted in the acquittal of Curls in the larceny case. What plaintiff sought by the payment of the five dollars was to stop everything con-

nected with the arrest, so that he would not lose his job with his employer. The payment neither stopped the prosecution, nor saved plaintiff from being discharged by his employer.

The action of the defendant in notifying the officers of the court that it did not desire to prosecute the case, would have a bearing on an award of punitive damages.

It was a question for the jury whether or not the payment of █ the five dollars was a full compromise and settlement, and voluntarily made as such.

Some objection is made to the charge of the court in defining proximate cause, in its relation to plaintiff's discharge by his employer.

It is argued that plaintiff's discharge and loss of wages was due to false statements of the plaintiff-employee concerning the transaction, and not because of the prosecution, and there was, therefore, an intervening cause of his discharge which was the proximate cause of plaintiff's loss of wages. The court gave the usual definition of proximate cause as approved in negligence cases and was admittedly a correct proposition of law, although of doubtful application in the case.

The court in the general charge properly defined probable cause. It gave defendant's special charge as follows:

"If you find by a preponderance of the evidence that the plaintiff made false statements to his employer about the circumstances leading to the swearing out of the warrant, and if you find further that the proximate cause of his discharge was those false statements and not the swearing out of the warrant, or his arrest, or his appearance and dismissal in police court, then if you find a verdict for the plaintiff, you may not include any damages for loss of wages."

A consideration of the assignments of error leads us to the conclusion that no prejudicial error intervened except as to the amount of the judgment.

The evidence discloses that the plaintiff suffered damages to the extent of $782 by way of loss of wages. He undoubtedly suffered humiliation and mental anguish, but there is no evidence that he suffered any damage to his character or reputation. Attorney's fees may be considered in █ a case of this kind. It will be noted that the defendant made some efforts to stop the prosecution. This feature of the case must be considered on the question of malice justifying an award of punitive damages.

We are of opinion that $500 would be a sufficient award for humiliation and mental anguish and as punitive damages against the defendant. This sum added to $782 actual damages amounts to the sum of $1282. We █ find the verdict excessive, but not given under passion and prejudice.

If plaintiff, appellee, will consent to waive all in excess of $1282, the judgment will be affirmed; otherwise, it will be reversed and a new trial granted, on the ground that the judgment is against the weight of the evidence as to the amount thereof.

MATTHEWS, PJ., & ROSS, J., concur.