BRATE, APPELLEE, *v.* McDONALD ET AL., APPELLANTS.

(No. 4851—Decided March 10, 1953.)

*Messrs. Ingalls & Jones,* for appellee.

*Mr. Phillip V. Stout* and *Mr. Robert W. Phillips,* for appellants.

HORNBECK, J. This is an appeal from a judgment of the Common Pleas Court in favor of the plaintiff and against the defendants in the sum of $1,500, entered on a verdict of a jury for $2,500 after the court on mo-

tion for a new trial had ordered a remittitur of all over $1,500, which remittitur was accepted by the plaintiff.

Five errors are assigned, the first of which is directed to the admission of certain testimony by a witness for the plaintiff who was manager of the Ohio National Bank, Linden office, which bank had refused plaintiff a loan on the property upon which defendants had improperly placed a mechanic's lien. During the testimony, inquiry was made as to what a report showed which had been made by an examiner of title to the lot on which the mechanic's lien was placed. This opinion disclosed the existence of the mechanic's lien and where it was filed. This was not objectionable for two reasons. First, it was merely the presentment by the witness of the information upon which his bank acted when the loan was refused. It was not offered for the purpose of establishing the existence of the lien. Second, the subject matter, namely, the existence of the mechanic's lien was not in controversy but was admitted by the answer of defendants and their testimony.

The second error assigned is the admission of the testimony of plaintiff, owner of the property in question, as to its value before and after the filing of the mechanic's lien. This testimony was properly admitted. *Morris* v. *Huber*, 15 Ohio Law Abs., 71.

The third assignment relates to the measure of damages as charged by the court:

(A) It is claimed the court erred in charging that if the jury found that the plaintiff was prevented from selling her property because of the incumbrance improperly placed upon it by defendants the damages "would be the difference between the value of the property just before the lien or incumbrance was placed upon it * * * and the value of the property when

it was actually sold.'' It is urged that the measure of damages should have been the difference between the value of the property when the plaintiff discovered the lien was on the wrong lot and the value of the property when it was actually sold, if it were sold for a sum less than the first mentioned amount. The charge is not vulnerable in the particular assigned by defendants.

(B) It is urged further that the court erred in the charge concerning the impairment of plaintiff's health. Plaintiff pleaded mental anxiety resulting in impairment of health requiring medical attention. The trial court mentioned this only in reading from plaintiff's second amended petition. No charge whatever was made on the subject and the jury was given no information upon which it could have awarded any damages to the plaintiff upon this claim of impaired health. There is no reason to believe that the verdict, as returned, included anything whatever on this averment of the second amended petition.

(C) It is claimed also that the court erred in its charge concerning the awarding of attorney fees. There was no evidence of the value of the services of the two attorneys whom plaintiff testified she had engaged by reason of the discovery of the mechanic's lien improperly filed against her property. The court charged that if they found for the plaintiff she would be entitled to recover for compensation paid lawyers to have the lien cancelled, and that the sum fixed should be reasonable and such amount as the jury believed the services of counsel to be worth. The specific claim apparently is that the court failed to mention in its charge either Section 8319, General Code, or Section 8323-4, General Code, both of which afford statutory remedies to one upon whose property a mechanic's

lien has been improperly placed. This right to award counsel fees as a part of the damages was accorded to the jury as a part of compensatory damage and without the necessity of finding malice permitting the awarding of punitive damages. To this extent the charge was incorrect but, inasmuch as it is plain that the jury did award punitive damages, it was proper to consider attorneys' fees and, if allowed, they are to be treated as compensatory damages. It does not appear that appellants were prejudiced by the charge as given.

In the early case of *Roberts* v. *Mason,* 10 Ohio St., 277, at page 282, Chief Justice Brinkerhoff considered and determined the law on both aspects of this question of attorneys' fees. He said:

"On this point [attorneys' fees] the authorities are not uniform; but the better opinion now seems to be, that in actions *ex contractu,* and in cases nominally in tort, but where no wrong in the moral sense of the term is complained of, the fees of counsel ought not to be included in the estimate of damages; but in cases where the act complained of is tainted by fraud, or involves an ingredient of malice, or insult, the jury, which has power to punish, has necessarily the right to include the consideration of proper and reasonable counsel fees in their estimate of damages. * * *

"No evidence in this case appears to have been given to the jury on the subject of counsel fees; nor do we think such evidence ought to have been given or received. But the fact that the plaintiff would necessarily be subjected to expenses of that kind, was properly taken into consideration and allowed, as a circumstance in the case patent before them."

To like effect see *Peckham Iron Co.* v. *Harper,* 41 Ohio St., 101.

The fourth assignment of error is that the verdict of the jury is excessive, appearing to have been given under the influence of passion and prejudice.

There is nothing in the record to indicate that the conduct at the trial of the case had any tendency to inflame or prejudice the jury. The trial judge found that the verdict was not brought about by passion or prejudice and the reduction was not made upon that theory. We do not find this assignment well made, nor is the fifth assignment established, namely, that the judgment is contrary to the manifest weight of the evidence.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.