DOROTHY C. SHOEMAKER, Plaintiff-Appellant, *v.* THEODORE KUNIO TAKAI AND ETHEL KEIKO TAKAI, Defendants-Appellees

NO. 5741

MARCH 28, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam*. This is an appeal by Dorothy C. Shoemaker, Plaintiff-Appellant (hereinafter appellant), from the judgment of the circuit court in a non-jury trial which ordered Theodore Kunio Takai and Ethel Keiko Takai, Defendants-Appellees (hereinafter appellees), to remove a blockage from the surface drain located near the common boundary at 2951 and 2947 Kuahiwi Way, Honolulu, Hawaii, and to also remove portions of the footings of the fence along the same common boundary between appellant's and appellees' properties which encroach on appellant's property. This judgment further determined the actual location of the common boundary line between appellant's property at 2951 Kuahiwi Way and appellees' property at 2947 Kuahiwi Way to be as established by appellees' surveyor, Park Engineering, Inc. Finally, the judgment required the appellant to pay to appellees the sum of $3,960.00, and the appellees to pay to appellant the sum of $300.00.

Appellant contends that the trial court erred in establishing the actual location of the common boundary between these two properties because it was not proven by the preponderance of the evidence. The record shows that the judgment was entered pursuant to findings of fact and conclusions of law which were made by the court under HRCP, Rule 52(a), after three days of trial.

In its findings of fact, the trial court found that:

3. The correct boundary between Plaintiff's and Defendants' properties is as established by Defendants' surveyor, Park Engineering, Inc. This boundary is located from five to eleven and one-half inches on Plaintiff's side of the fence which was erected by Defendants on October 6, 1973.

The standard in reviewing findings of fact is set forth in HRCP. HRCP, Rule 52(a), provides in pertinent part that: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

Accordingly, we have held in numerous cases that findings of fact by a judge sitting without a jury will not be set aside unless clearly erroneous. *Shinn v. Edwin Yee, Ltd.*, 57 Haw. 215, 553 P.2d 733 (1976); *Miller v. Yoshimoto*, 56 Haw. 333, 536 P.2d 1195 (1975). Of course, for this rule to apply, there must be at least substantial evidence in the record to sustain the factual findings. *Baldwin v. Hawaiian Agronomics Co.*, 53 Haw. 447, 496 P.2d 9 (1972). "Substantial evidence is credible evidence which is of sufficient quantity and probative value to justify a reasonable man in reaching a conclusion. *In re Charley's Tour & Transp., Inc.* 55 Haw. 463, 522 P.2d 1272 (1974)." *Shinn v. Edwin Yee, Ltd.*, 57 Haw. 215 at p. 219, 553 P.2d 733 at 737. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The burden is on appellant to persuade the reviewing court that the finding on the boundary line was "clearly erroneous." *Los Angeles Shipbuilding & Drydock Corp. v. United States*, 289 F.2d 222 (9th Cir. 1961); *Grace Bros. v. CIR*, 173 F.2d 170 (9th Cir. 1949).

The record shows that the boundary determination accepted by the trial court was based upon the expert testimony of Robert S. Torigoe, a registered land surveyor, from Park

Engineering, Inc., who has been licensed in this state for 13 years and who had been engaged in surveying for 27 years. Based on this testimony, we hold that there is substantial evidence in the record to support the finding of the judge and further that such a finding is not clearly erroneous.

The participants in this litigation are neighboring owner-occupants of two adjoining residential premises who could not agree as to the actual location of their common property boundary line. On October 6, 1973, appellees built a chain link fence on their property within five to eleven and one-half inches from the common boundary line. As a result, appellant instituted this action to compel appellees to remove the fence and to repair the damage to the drain as well as for other injunctive relief. As appears from the findings of fact, the sum of $3,960.00 to be paid by appellant to appellees, and the sum of $300.00 to be paid by appellees to appellant under the judgment are on account of the attorneys' fees incurred by the parties.

Appellant contends that the trial court erred when it ordered in its judgment that appellant pay to appellees $540.00 for attorney's fees incurred by appellees with Ted Tsukiyama for legal services performed by him in relation to this case prior to the commencement of this action, and $3,420.00 for attorney's fees to appellees' counsel of record. The record shows that appellant had filed a motion to alter and/or amend findings of fact and conclusions of law and to alter and/or amend judgment. By this motion appellant focused the court's attention exactly how and where it had erred, to wit: (1) in its findings contained in paragraph numbered 14; (2) in its conclusions of law in paragraph designated I; and (3) in its paragraph numbered 2 of the judgment, all of which related to the award of attorneys' fees. After a hearing, the trial court denied the motion.

In paragraph 14, of the findings of fact, it is stated:

14. As a result of Plaintiff's actions, Defendants have incurred the following costs and expenses:

| | | |
|---|---|---|
| Repair of damages to fence | $ | 150.00 |
| Cost of deposition of Plaintiff | | 155.79 |
| Attorneys fees — Ted Tsukiyama Such fees are reasonable | | 540.00 |
| Attorneys fees — H. William Burgess $4,000 which were stipulated but which the Court will only allow in the amount of | | 3,420.00 |

TOTAL DAMAGES INCURRED BY
DEFENDANTS BECAUSE OF PLAINTIFF'S
UNLAWFUL ACTIONS .............................. $4,265.79

We believe that the contents of the findings contained in paragraph 14, other than the item of cost of deposition, are directly related to appellees' counterclaim in which they alleged that appellant or someone acting under her direction and authority, without the consent and against the will of appellees, entered upon appellees' premises and forcefully and unlawfully removed fence posts standing upon appellees' property; that appellant acted maliciously and with wanton disregard of appellees' rights; that as a result of the acts of appellant, appellees have sustained special damages of $225.00, for unnecessary surveys, and $300.00, for resetting fence posts; and that, in addition, appellees have incurred and continue to incur legal fees, in a total amount not yet determined, to protect their property from appellant's unlawful acts.

Appellant does not object to the finding made that she is chargeable with $150.00 as special damages for the additional work on the fence; nor does she question the cost of deposition assessed against her. The remaining portion of paragraph 14 of the findings refers to the controverted attorneys' fees.

Paragraph I of the conclusions of law tersely stated that: "Judgment will be entered on the counter-claim in favor of Defendants and against Plaintiff for damages in the amount of $4,265.79." The amount mentioned is the same total amount of damages found by the trial court in paragraph 14 of the

findings of fact to have been incurred by appellees because of appellant's unlawful actions. Paragraph 2 of the judgment required appellant to pay appellees the sum of $4,265.79, which included $3,960.00 for attorneys' fees.

In *Salvador v. Popaa*, 56 Haw. 111, 530 P.2d 7 (1974), we reversed the trial court's award of attorney's fees to the plaintiff in an action instituted by her to maintain her membership as an associate member of a local union. We there stated, 56 Haw. at 111, 530 P.2d at 7, that: "Hawaii follows the traditional American rule that ordinarily 'attorney's fees cannot be awarded as damages or costs where not so provided by statute, stipulation or agreement.'" We cited as a footnote for this proposition *Jones v. Dieker*, 39 Haw. 448, 455 (1952). This traditional American rule requires the litigant for whom legal services are rendered to assume the burden of paying for those services. Thus, ordinarily counsel fees are not recoverable against the losing party in the absence of statute, agreement or stipulation authorizing the allowance thereof. *Olokele Sugar Co. v. McCabe, Hamilton & Renny Co.*, 53 Haw. 69, 487 P.2d 769 (1971); *Berkness v. Haw'n Elec. Co.*, 51 Haw. 437, 462 P.2d 196 (1969); *Chun v. Park*, 51 Haw. 462, 462 P.2d 905 (1969); *Estate of Campbell*, 46 Haw. 475, 382 P.2d 920 (1963); *Yokochi v. Yoshimoto*, 44 Haw. 297, 353 P.2d 820 (1960); *Von Holt v. Izumo Taisha Kyo Mission*, 44 Haw. 147, 355 P.2d 40 (1960), *aff'd*, 44 Haw. 365 (1960); *Welsh v. Campbell*, 42 Haw. 490 (1958); *Bishop Trust Co. v. Cooke Trust Co.*, 39 Haw. 641 (1953). This rule was equally applicable whether the pending controversy was at law or in equity. *Dress Mfg. Co. v. Cadinha*, 33 Haw. 456 (1935); and *Young Chun v. Robinson*, 21 Haw. 368 (1912).

We have, however, recognized exceptions to this general rule in two types of situations. First, when litigation is in advancement of, and not in opposition to, the interests of all the beneficiaries of a trust, counsel fees may be allowed to litigants out of the estate. *Estate of Campbell, supra*. Second, we have just recently held that where the wrongful act of the defendant has involved the plaintiff in litigation with others, or placed him in such relation with others as makes it neces-

sary to incur expenses to protect his interest, such expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act, and may be recovered as damages. *Uyemura v. Wick*, 57 Haw. 102, 551 P.2d 171 (1976). This is not a case which comes within any of these exceptions.

No statute has been called to our attention, and we know of none, which would justify the payment of these attorneys' fees. Moreover, the record does not show that there is any stipulation or agreement covering this subject matter.

Appellees, however, contend that where a party, by his willful conduct, causes another to incur attorneys' fees and other expenses of litigation, such legal expenses may be awarded as damages. For this proposition appellees cite *Glover v. L. K. Fong*, 40 Haw. 503 (1954), as well as *Howell v. Asso. Hotels, Ltd.*, 40 Haw. 492 (1954); and *Bright v. Quinn*, 20 Haw. 504 (1911).

Appellees have also cited two cases from Ohio: *United Power Co. v. Matheny*, 81 Ohio St. 204, 90 N.E. 154 (1909); and *Brate v. McDonald*, 95 Ohio App. 448, 120 N.E.2d 748 (1953). Further, the position of appellees is that in many other jurisdictions the rule is that in tort actions founded upon a wrong which authorizes the award of punitive or exemplary damages, counsel fees and expenses of litigation may be taken into consideration in assessing such damages. They cite for this authority an annotation in 30 ALR3d 144, § 4. We have examined 30 ALR3d 144, but we have not found anything therein relevant to the issue at hand.

The trial court in its findings of fact found that appellant between June 2, 1973, and July 10, 1973, did willfully pound into the ground or remove therefrom the boundary pins; and further that appellant on September 9, 1973, did willfully remove from appellees' property, forcefully and unlawfully, the fence posts, without the consent and against the will of appellees, and also at that same time appellant did willfully pound into the ground or remove a boundary pin at one corner

of the boundary between these two properties. However, the trial court expressly found that these acts of the appellant were not done maliciously; and consistent therewith, it did not award any punitive or exemplary damages to appellees under their counterclaim.[1]

Under this posture of the case, any discussion of punitive or exemplary damages set forth in *Howell v. Asso. Hotels, Ltd., supra,* and *Bright v. Quinn, supra,* is irrelevant. In this context the case authorities mentioned from other jurisdictions are irrelevant.

We do not consider that *Glover v. L. K. Fong, supra,* is a case in point supporting appellees' contention. In fact that case was bottomed on willful and malicious conduct on the part of defendant who, with intent to injure plaintiff and put him to great expense, had withheld his warrant until he secured it by mandamus. We said in that case that in such a situation, reasonable attorney's fees and other necessary expenses of litigation to compel such defendant to perform the act by mandamus are within the intended harrassment and may be recovered as compensatory damages in a subsequent tort action. The facts as disclosed by this record do not bear any resemblance or similarity to the *Fong* case.[2]

Therefore, we are constrained to adhere in this case to the traditional American rule that attorney's fees cannot be recovered as damages or costs where not so provided by statute, stipulation, or agreement. That part of the judgment is reversed.

---

[1] The trial court declined to grant appellees punitive or exemplary damages after the trial court had heard appellant's motion to alter and/or amend findings of fact and conclusions of law and to alter and/or amend judgment, during which motion appellees had argued that the trial court should find that appellant had maliciously committed these acts and should be liable to appellees for punitive and exemplary damages.

[2] The factual situation in this case is similar to malicious prosecution, and it may be regarded as an exception to the general rule.

We note that attorney's fees also were allowed in the instant case to counsel for appellant;[3] but appellees did not choose to cross appeal. Ordinarily, an appellee is not entitled on appellate review to attack a judgment without a cross appeal with a view either to enlarging his own rights or of lessening the rights of his adversary. *United States v. American Ry. Exp. Co.*, 265 U.S. 425 (1924); 9 Moore's Federal Practice, § 204.11[3] p. 932. Appellees' function before us is to maintain and support the judgment. Nevertheless, we cannot ignore such patent and glaring error to persist on the record, especially where we have ruled on the very issue appealed by the appellant favorable to her and adverse to appellees. Thus, it is stated in 5 Am. Jur. 2d, Appeal and Error § 708: "[It] seems that no cross appeal is necessary in order that an appellate court may review a question closely related, in substance, to a question raised by the appeal." Certainly, what is good for the goose is also good for the gander.

Moreover, we have the jurisdiction and power under HRS § 602-5 (1975 Supp.):

> (7) To make and award such judgments, decrees, orders and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice in matters pending before it.

*Cf. In Re Sanderson's Estate*, 6 Cal. Rptr. 893, 83 Cal.App. 2d 740 (1960); *Gavin v. Johnson*, 131 Conn. 989, 41 A.2d 113 (1945). Accordingly, in the interest of promoting justice, we are compelled to reverse that part of the judgment which

---

[3] Findings of fact and conclusions of law in paragraph 15 stated that "[p]laintiff incurred some $850.00 in attorney's fees of which the court finds only $300.00 to be reasonable and necessary for the relief granted to Plaintiff," and in the last sentence of paragraph H concluded that "[d]efendants will also be ordered to pay $300.00 to Plaintiff."

requires the payment of $300.00 by appellees to appellant as attorney's fees.

Judgment is affirmed in part, and reversed in part, and this case is remanded for further proceedings consistent herewith.

*Jason F. Oliver* for plaintiff-appellant.

*H. William Burgess* for defendants-appellees.