KEITH SCOTT DOUGLAS, trustee, and BONNIE MAY DOUGLAS, trustee, Plaintiffs-Appellants,
v.
STATE OF HAWAI`I; EAST MAUI IRRIGATION COMPANY, INC., a Hawai`i corporation; Defendants-Appellees, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10; Defendants.
No. 27060
Supreme Court of Hawaii.
February 23, 2007.
On the briefs:
James P. Brumbaugh and Brian R. Jenkins, for plaintiffs-appellants.
Pamela K. Matsukawa and Sonia Faust, Deputy Attorneys General, for defendant-appellee, State of Hawai`i.

SUMMARY DISPOSITION ORDER
MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.
The instant appeal arises out of a quiet title action involving disputed boundaries of adjoining parcels of real property owned by plaintiffs-appellants Keith Scott Douglas and Bonnie May Douglas, as trustees of the Keith and Bonnie Douglas Living Trust [hereinafter, collectively, the Douglases], defendant-appellee State of Hawai`i (the State), and defendant East Maui Irrigation Company (EMI) on the north shore of the island of Maui, Hawai`i. Following a jury-waived trial, the Circuit Court of the Second Circuit, the Honorable Joseph E. Cardoza presiding, entered final judgment on November 4, 2004 in favor of the State.
The Douglases appeal from the final judgment, challenging the trial court's July 27, 2004 findings of fact (FOFs) and conclusions of law (COLs). The Douglases also appeal from the trial court's December 21, 2004 order denying their motion to alter or amend the final judgment. On appeal, the Douglases essentially contend that the trial court erred in its determination of the boundaries of the Douglases' parcel of real property that adjoins the State's parcel of real property.
Upon carefully reviewing the record and the briefs submitted and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' contentions as follows.
(1) The Douglases challenge FOF No. 3 (relating to the cultivation of taro on the subject property (i.e., the property awarded pursuant to Land Commission Award (LCA) 6510 U, apana 2)), claiming that this finding is erroneous because "the native and foreign testimony describe the land as both kalo and kula (taro and pasture)." However, there is substantial evidence, which the trier of fact found to be credible, that "kula" describes a "field for cultivation" and not a pasture for animals. See In re Doe, 95 Hawai`i 183, 196-97, 20 P.3d 616, 629-30 (2001) (stating that testimony of a single witness, if found credible by the trier of fact, suffices as substantial evidence to support an FOF).
(2) The Douglases next challenge FOF Nos. 7, 9, and 10 (relating to the peninsula). Inasmuch as "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[,]" Fisher v. Fisher, 111 Hawai`i 41, 46, 137 P.3d 355, 360 (2006) (internal quotation marks and citation omitted), and the foregoing findings are dependent upon credibility and the weight of the evidence, we conclude that FOF Nos. 7, 9, and 10 are not clearly erroneous.
(3) The Douglases also claim that FOF No. 15 (relating to Registered Map No. 2377) is clearly erroneous. FOF No. 15, however, is supported by substantial evidence in the record. Moreover, "it is axiomatic that reconciling conflicting testimony is beyond the scope of appellate review[.]" Onaka v. Onaka, 112 Hawai`i 374, 384, 146 P.3d 89, 99 (2006) (citations omitted). Accordingly, FOF No. 15 is not clearly erroneous.
(4) The Douglases argue that FOF Nos. 17 and 18 (relating to the correct location of the poalima) are clearly erroneous. However, there is substantial evidence in the record to support the trial court's findings that (1) the correct location of the poalima is needed to measure John Gower's metes and bounds description of the subject property on the ground (FOF No. 17) and (2) the correct location of the poalima is its location as depicted on the 1926 EMI map (FOF No. 18). See In re Doe, 95 Hawai`i at 196-97, 20 P.3d at 629-30; see also Shoemaker v. Takai, 57 Haw. 599, 601-02, 561 P.2d 1286, 1288 (1977) (concluding that expert testimony of a land surveyor constituted substantial evidence to support the trial court's finding with respect to a boundary determination). Accordingly, FOF Nos. 17 and 18 are not clearly erroneous.
(5) The Douglases challenge FOF No. 19 (relating to Bruce Lee's depiction of the poalima). Hawai`i Rules of Appellate Procedure (HRAP) Rule 28 (2006) provides in relevant part that "[p]oints not argued may be deemed waived." HRAP Rule 28(b)(7). Here, the Douglases do not elaborate as to how "sub-findings" A through E of FOF No. 19 are clearly erroneous. There is no mention of FOF No. 19 in the Douglases' "argument" section. Consequently, we conclude that the Douglases' contention with respect to FOF No. 19 is deemed waived.
(6) The Douglases challenge FOF No. 20 and COL No. 7 (relating to the movement of the subject property's boundaries as shown on the 1926 EMI map). As the State points out in its answering brief, however, it appears that the Douglases' arguments regarding FOF No. 20 and COL No. 7 were made for the first time in the Douglases' motion to alter or amend the final judgment (motion to amend). Indeed, the Douglases do not dispute such in their reply brief. It is clear that their arguments made in the motion to amend "could and should have been presented by [the Douglases] at trial." At trial, the parties presented extensive, conflicting expert testimony regarding the precise location of the subject property. During re-cross examination, Randall Hashimoto testified that the northern boundary of the subject property "falls very close to the top of the sea cliff." At that point, the Douglases' counsel could and should have developed Hashimoto's testimony as to the exact location of the northern boundary. Cf. State v. Hashimoto, 47 Haw. 185, 210, 389 P.2d 146, 159-60 (1963) (stating that cross-examination is "a leading and searching inquiry of the witness for further disclosure touching the particular matters detailed by him in his direct examination, and it serves to sift, modify, or explain what has been said, in order to develop new or old facts in a view favorable to the cross-examiner") (internal quotation marks and citation omitted). Moreover, the parties presented conflicting expert testimony as to the parameters of Hanawana Stream, which concerned the location of the western boundary of the subject property. Consequently, the Douglases' arguments relating to FOF No. 20 and COL No. 7 were untimely made for the first time in their motion to amend. Accordingly, their challenge to FOF No. 20 and COL No. 7 fails.
(7) Lastly, the Douglases contend that the trial court erred in denying their motion to amend. Although not entirely clear, the Douglases appear to argue that the State improperly changed its position during the trial and that the State is judicially estopped from changing its position.
We have previously noted that a purported motion to amend is "a de facto motion for reconsideration," when such motion fails to raise (1) any new arguments that could not have been presented or made in the earlier proceeding or (2) newly discovered evidence. Leslie v. Estate of Tavares, 91 Hawai`i 394, 396 n.1, 984 P.2d 1220, 1222 n.1 (1999) (citations omitted). However, "[t]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Hawai`i 85, 114, 839 P.2d 10, 27 (1992) (citations omitted). Moreover, "[r]econsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Sousaris v. Miller, 92 Hawai`i 505, 513, 993 P.2d 539, 547 (2000) (footnote and citations omitted).
Here, the Douglases are utilizing their purported motion to amend as a device to relitigate old matters and to raise arguments that could and should have been brought during the earlier proceeding. First, the Douglases had previously raised the argument that the State "should not attempt to proffer evidence implicating that it is entitled to any affirmative relief in this action" in their fourth motion in limine prior to trial. The trial court, however, already fully addressed the Douglases' contention at the hearing on the Douglases' fourth motion in limine, essentially stating that it was unnecessary for the State to have filed a counterclaim in order to defend its position in the instant quiet title action initiated by the Douglases. Second, as the State points out, the Douglases failed to object to Hashimoto's testimony on moving the subject property seventy-three feet eastward on the basis of judicial estoppel. Consequently, the Douglases are utilizing their purported motion to amend as a device to raise an argument that could and should have been brought during the earlier proceeding. Accordingly, we hold that the trial court did not abuse its discretion in denying the Douglases' motion to amend. Therefore,
IT IS HEREBY ORDERED that the trial court's November 4, 2004 final judgment and December 21, 2004 order denying the motion to amend are affirmed.